## Case *against* Green.

A contract for the delivery of specific articles of property to another, at a certain time and place, in discharge of a previous debt, is performed and the debt satisfied by a tender and delivery of the property at the time and place, although the payee did not attend to receive the property. And no action on the contract can afterwards be maintained against the debtor.

ERROR to the common pleas of *Susquehanna* county.

B. T. Case, plaintiff in error and plaintiff below against David Green and John Varrow. The plaintiff, to maintain the issue on his part gave in evidence this agreement.

"Bridgewater, August 13, 1830. The undersigned do jointly and severally promise to pay to B. T. Case, Esq. the full amount due to said B. T. Case, on and by virtue of an execution now in the hands of Francis Perkins, against David Green and Obadiah Green, be the same more or less. Said demand to be paid in scythe snaths, (or sticks,) and rakes, (in the proportion of three scythe sticks to one rake,) all to be delivered at the 'Salt Well,' in Middletown, on the ninth day of September next, then and there to be prized by two disinterested appraisers, having a privilege of calling in a third man to assist in prizing if wished. Said scythe snaths and rakes to be taken and received in full of all demands by said execution, after being

[Case v. Green.]

duly delivered and fairly appraised. Furthermore, all costs now accrued on said execution to be paid by said B. T. Case.

"DAVID GREEN,
"JOHN VARROW."

The plaintiff then gave in evidence the execution mentioned in the agreement, showing that there was due thereon at its date, 50 dollars 18 cents.

The defendant then proved, that on the 9th of September 1830, he delivered on the place mentioned in the agreement, 165 snaths and 55 rakes; that Case did not attend at the time and place to receive them; that he, the defendant, procured two individuals, who valued the property at twenty-five cents for each snath and rake, and that he left them upon the ground.

The plaintiff then gave evidence, that he was sick at the time of the delivery of the property, and for some time after; that it was thrown upon the ground in the open air, uncovered, and was spoiled. He also called witnesses to prove that the value of snaths and rakes was from twelve and a half to twenty-five cents each, and that those delivered did not exceed in value eighteen cents.

The court (Herrick, President,) charged the jury thus:

"The defendant must satisfy the jury that scythe sticks and rakes to the full amount of plaintiff's claim were produced at the time and place and appraised; a part will not answer; or the plaintiff will have a right to recover in this action the money instead of taking the property. But if the whole property was turned out and appraised, at the time and place according to the agreement, and the plaintiff was not present in person or by his agent to receive it, whether the defendant took good care of the property or not, it amounted to payment and satisfaction of the agreement, although he may be liable to the plaintiff in trover, replevin or as bailee."

The jury gave a verdict for the defendants on which judgment was rendered.

Error assigned. The court erred in charging the jury "that if the whole property was turned out and appraised at the time and place, according to the agreement, and the plaintiff was not present in person or by his agent to receive it, whether the defendant took good care of the property subsequently or not, it amounted to payment and satisfaction of the agreement, although he may be liable to the plaintiff in trover, replevin or as bailee.

*Jessup*, for plaintiff in error.
*Lusk*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The case supposes that the payer attended at the day and place fixed by the agreement, and delivered or was ready to deliver the property in satisfaction of the debt; so that the question is, what effect this has on the action? In general, a tender does not ex-

tinguish the demand.    The only effect of it is to preclude any claim for interest; but still, in some cases, a tender by one party, to pay a debt or perform a duty, and the refusal of the other to accept thereof, amounts to a payment of the debt or a performance of the duty. Thus, if A., without any debt or duty preceding, enfeoff B. of land, with condition for the payment of 100 pounds to B., in the nature of a gratuity, and A. tender the money to B., and B. refuse to accept it, the land is thereof discharged forever.   So, if a single bond be entered into for the payment of 20 pounds to the obligee, and afterwards a deed be made, that, at the payment of 10 pounds, the bond shall be void, and the obligor tender the 10 pounds, and the obligee refuse to accept it, the obligor is discharged forever.    If a man enter into an obligation in the penalty of 100 pounds, with condition to perform an award, or to do some other thing, for the benefit of the obligee, which it was not incumbent on the obligor to do at the time of entering into the obligation, a tender by the obligor, of performing the award, or of doing the other thing, and a refusal by the obligee to accept thereof, are a perpetual bar to the action upon the obligation; for, as the condition is satisfied by the tender and refusal, the penalty cannot be recovered; and, as the performing of the award or doing the other thing, which it was not incumbent on the obligor to do, at the time of entering into it, could not be parcel of the obligation, no action lies therefor, to compel the performance of the award or the doing of the other thing. 1 *Inst.* 207; 5 *Bac. Ab.* 11, *tit. Tender.*   If a man be bound in 200 quarters of wheat, for the delivery of 100 quarters, if the obligor tender at the day 100 quarters, he shall not plead *uncore prist*, because, albeit, as in these cases it be parcel of the condition, yet they be *bona peritura*, and it is a charge for the obligor to put them.    The delivery of the goods is collateral to the obligation, as it is termed, and by tender and refusal, the plaintiff shall never be entitled to the money.    In the Institutes, it is said, if the obligee refuse them, when a lawful tender is made to him, it shall be accounted his own folly.    And in all such cases, in pleading of the tender and refusal, the parties shall not be driven to plead, that he is ready to pay the same, or tender it in court.    So, also, in Slingerland *v.* Morse, 8 *Johns. Rep.* 475, where the contract was to deliver horses and household property, which was tendered and refused, it was decided, that such a tender and refusal was a complete bar to the suit, on the contract; and that the plaintiff must resort to the person in whose possession the goods are, and who held them as bailee and at his risk.    The only difference between the case cited and the case at bar is, that here, there was not a tender and refusal, because the payor did not attend at the time and place appointed.    But this can make no difference in principle; for every consequence which would have followed from a tender and refusal, will follow from being ready to tender, in case the person, whose duty it was to be present at the place where the tender was intended to have been made, neglect to be present.    If every such

consequence did not follow, it would frequently happen, that not-notwithstanding one party has done all that was in his power to make a tender, all would be rendered ineffectual, by the wilful absence of the other party. 5 *Bac. Ab.* 14, title *Tender.*

The effect of the tender and refusal or being ready to tender, when the other party does not attend, is to divest the property from the original owner and invest it in the payee. Of course, all right of action is extinguished, on the contract; it having been satisfied and paid. If, therefore, the plaintiff, has any remedy, it must be by suit against the party in whose possession the goods are, and not upon the contract. It must be remarked, that the articles were not of such a nature as to be liable to injury by an exposure to the weather for a few days.

Judgment affirmed.