## ZINN *v.* ROWLEY.

The drawer of notes payable in grain to be delivered at his mill, at a fixed price, at their maturity, set apart a sufficient quantity to meet the demand; *held*, the property in the grain was changed, and the notes paid.

In error from the Common Pleas of Erie county.

*Oct.* 1.   This was an action on two notes dated the 26th and 28th February, respectively, in the following form: "Due Conrad Zinn, 17¾ bushels of wheat at $1 per bushel, payable at our mill in Girard, in twelve days from date." The other was for $10, at one month, payable in wheat or corn, the former at $1, and the latter at 50 cents per bushel. The plea was payment.

Defendant then gave in evidence that he directed seventeen or eighteen bushels of wheat to be put away in a bin in the mill to meet the first note, which was done early in March; and that ten and a half bushels had been placed in barrels to meet another note about the 1st of April. It was put away in small quantities as fast as toll was taken at the mill. A witness for the plaintiff stated the $10 note had been left with him to demand the grain, and on the day it fell due he had gone to the mill, and was told the grain was ready. He said he had orders from plaintiff to have it measured out and put in a box by itself. Plaintiff replied he had not a box to put it in. The wheat in the bin was shown to and examined by the witness, and he supposed there was not more than fifteen or sixteen bushels. All this grain was burned on the 8th of April.

The plaintiff's points were,

1. Actual payment or its equivalent is essential to bar the action. Merely having had sufficient grain in the mill on the days of payment without actual delivery is not such an equivalent.

2. Tender is not payment, and cannot be used under the plea.

3. That the proof of having the grain was insufficient, unless the defendant showed a readiness to deliver until the commencement of the action.

4. That if on the demand made, defendant refused to measure the grain out, but showed some grain in a box as the grain set apart for the note, it is such a denial of the grain alleged to have been in the barrels as defeats it.

The charge of the court was as follows:

"If the defendants set apart at their mill a sufficient amount of grain, mentioned in the notes for the payment of them, and had it so set apart on the days and times on which they fell due, and the grain remained so set apart until the mill was burnt, it is plaintiff's

loss—the grain was the plaintiff's, and the notes were paid, and he cannot recover on them. If defendants had the grain ready, if it had been demanded, and so set apart, and did not keep it, but used it, still plaintiff could not recover, unless he has demanded it, and been refused. Of this, however, we have no evidence."

The errors assigned were, that no answers were given to the plaintiff's four points, and the charge of the judge.

*Babbitt*, for plaintiff in error.—A previous demand was unnecessary. 2 Penna. Rep. 67 ; 7 Watts, 380. Was there evidence of payment ? It is admitted a tender sufficient for this purpose may be made in the absence of the party, but the party intending to avail himself of it must on the day appointed turn out the article and measure it, or do some act manifesting his design to transfer the title. Story on Contracts, secs. 503, 504, 512. The mere retention of a thing previously in his possession is not sufficient. Neither trover nor replevin could have been maintained under this evidence. Nor did this evidence agree with the plea, as appears from the cases already cited. If the plea had been in regular form, the evidence would not have sustained an averment of " always ready," which is essential.

*Marshall*, contrà.—A contract for the delivery of specific articles of property to another, at a certain time and place, in discharge of a previous debt, is performed, and the debt satisfied, by a tender and delivery of the property at the time and place, although the payee does not attend to receive the property. And no action on the contract can afterwards be maintained against the debtor. Case *v.* Green, 5 Watts, 262.

*Oct.* 10. COULTER, J.—The charge of the court, without replying severally to the various points put by the plaintiff's counsel, was in substance an answer to them all. It appears sufficiently by the testimony that the necessary quantity of grain was in the mill of the defendants, which was the place appointed for the delivery, (and the court properly left the facts to be determined by the jury,) at the time fixed in the notes for payment; and that it had been set apart by the miller under the directions of defendants for that purpose.

When the agent of the plaintiff went to the mill at the time the last note fell due, he was told by Rowley, one of the defendants, that the grain was there ready, and it was shown to him. The fact of its being there ready for the plaintiff at the several days and times specified in the notes for the payment was a discharge of the de-

fendant's engagements, and divested them of the property in the grain, and vested it in the plaintiff. Case *v.* Green, 5 Watts, 262. When, therefore, this grain was burnt, a few days afterwards, with the mill, the loss was the plaintiff's.          Judgment affirmed.