### DEMPSEY v. JOHNSON et al.

(Supreme Court, Appellate Division, Third Department. January 13, 1911.)

MORTGAGES (§ 199*)—REDEMPTION—ACCOUNTING FOR RENTS AND PROFITS.

    A mortgage was assigned as collateral security for an existing debt and for future advances. Subsequently the land was sold and bid in by the pledgees for benefit of the pledgor; the amount paid being included in a note of the pledgor for which the mortgage was also held as security. Subsequently the note was put into judgment and partly satisfied, after which the pledgee transferred the land, together with the debt and the mortgage, to another person, who paid the pledgor $50 for possession of the land. *Held*, that the equitable title to the land was in the pledgor, and the pledgee's assignee, upon taking possession of the land in equity, stood in the position of a mortgagee in possession, and in proceedings by the pledgor's administrator to redeem the mortgage and foreclose it was bound to account for the rents and profits of the land as against any claim he might hold against the pledgor for which the mortgage was held as collateral.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

    Houghton, J., dissenting.

Appeal from Special Term, St. Lawrence County.

Action by Michael J. Dempsey, administrator of Bridget M. Dempsey, against Herman I. Johnson and others. From the judgment, plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J:, and KELLOGG, SEWELL, and HOUGHTON, JJ.

Risley & Love, for appellant.
Charles S. Mereness, for respondents.

SMITH, P. J. In 1890 Michael J: Dempsey gave to his wife a mortgage for $2,500 upon certain real estate. This mortgage was assigned to the firm of Johnson & Murray, as security for an indebtedness existing, and also for moneys thereafter to be loaned. Thereafter the real estate was sold at public auction, and was bid in by one Richardson in behalf of Johnson & Murray, who, in turn, had agreed to bid in the property for the benefit of plaintiff's wife. The price paid upon said sale by Johnson & Murray was included in a note given by plaintiff's wife to them, to which the mortgage was also held as a collateral pledge. The real estate was turned over to Mrs. Dempsey. Thereafter the note against Mrs. Dempsey was put into judgment, execution issued, and a part thereof realized, but there remained unpaid on the judgment between $400 and $500. After the sale on execution, Johnson & Murray transferred the property to the defendant

Guiles, and also transferred the indebtedness and the mortgage held in collateral pledge therefor. The consideration paid was the sum of $644. At the time of the transfer, Mrs. Dempsey was in possession, and Guiles had full notice of her claim of right in the property. Mrs. Dempsey died, and this plaintiff, representing her estate, has brought this action to redeem this mortgage, asking to have the rents and profits of this real estate applied upon the indebtedness from plaintiff's intestate to defendant Guiles and the mortgage thereafter foreclosed. The Special Term has authorized the redemption of the mortgage upon the payment of the amount paid by Guiles therefor, together with interest from 1890. The contention of the plaintiff is that this amount which he should be required to pay for the redemption of said mortgage should be reduced by such rents and profits as Guiles has received from the property for the time during which he has had possession thereof.

It would seem clear that Richardson and Johnson & Murray purchased this property as agents for Mrs. Dempsey, and she, having paid the moneys which were paid for such purchase, had the equitable title to the property. With the equitable title to the property in her, Johnson & Murray or Guiles, their assignee, had a lien by reason of the mortgage which they held under collateral pledge, and, after having taken possession of that property, Guiles in equity stood in the position of mortgagee in possession, and, as such, should be required to account for the rents and profits of the property in payment of any claim which he might hold against Mrs. Dempsey in her lifetime for which the mortgage was held as collateral.

It is true that Guiles was required to pay $50 to Mrs. Dempsey to get possession of the premises, but, if a mortgagee persuades the mortgagor to give up possession of the mortgaged premises upon a consideration, that does not alter the obligation of the mortgagee to hold the property for the benefit of the mortgagor, and apply the rents and profits upon the mortgage. It is true that this transaction occurred many years ago, but no question is made on this appeal as to the statute of limitations. The plaintiff has been part of the time in the State Hospital at Utica, and no laches are pleaded as a defense to the plaintiff's cause of action.

The judgment should therefore be modified so as to require the plaintiff to account for the rents and profits over and above expenses from the time the possession was taken, and with authority to the plaintiff to redeem upon payment of the amount found due the estate of Mrs. Dempsey after the application of such rents and profits. Plaintiff may apply for a referee to take and state this account.

Judgment modified as per opinion, and, as modified, affirmed, with costs to appellant. All concur, except HOUGHTON, J., who votes for affirmance.