# Loughney *v.* Quigley, Appellant.

*Equity—Specific performance—Lease—Option—Tender — Time as essence of contract—Waiver.*

1. A vendee in a contract for the sale of real estate is excused from tendering performance, where the vendor is out of the State, or where he prevents such tender by avoiding the vendee.

2. Where a vendor who insists upon exact time of performance of a contract for sale of real estate has himself been the cause of the delay, specific performance of the contract will be decreed against him.

3. Where a lease and an option to purchase the demised premises is for two years beginning July 20, 1920, such lease and option expires on July 19, 1922.

Argued January 11, 1924.   Appeal, No. 136, Jan. T., 1924, by defendant, from decree of C. P. Phila. Co., June T., 1922, No. 10320, for plaintiff on bill in equity, in case of James F. Loughney v. Annie Quigley.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.   Affirmed.

Bill for specific performance.   Before DAVIS, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*James J. Breen,* with him *C. James Todaro,* for appellant.—No notice was given by plaintiff to defendant as required by law of his intention to exercise the option: Barnes v. Ray, 219 Pa. 279; Henry v. Black, 213 Pa. 620.

The acceptance of the option is necessary to make a binding agreement: Penna. Mining Co. v. Smith, 210 Pa. 49.

Before the expiration of the option period, there was no tender of the price agreed on, or the presentation of a proper form of deed to be executed by defendant: Barnes v. Rea, 219 Pa. 287; Swank v. Fretts, 209 Pa. 625.

Time was of the essence of this agreement: Markley v. Godfrey, 254 Pa. 99; Westerman v. Means, 12 Pa. 97.

*John McConaghy, Jr.,* for appellee.—In an option like this, time is not of the essence of the contract, and, if the option be accepted within the period named, a reasonable time thereafter shall be allowed for settlement: Verstine v. Yeaney, 210 Pa. 109; Schaeffer v. Herman, 237 Pa. 86; Penna. Mining Co. v. Smith, 207 Pa. 210; Smith's App., 69 Pa. 474; Markley v. Godfrey, 254 Pa. 99; Neill v. Hitchman, 201 Pa. 207; Swank v. Fretts, 209 Pa. 625; Barnes v. Rea, 219 Pa. 287; McMillan v. Phila. Co., 159 Pa. 142.

Acts insufficient in themselves to make a complete tender may operate as proof of readiness to perform so as to protect the rights of a party under the contract, where a proper tender is made impossible by reason of circumstances not due to the fault of the tender: Schaeffer v. Coldron, 237 Pa. 77; Douglas v. Hustead, 216 Pa. 292.

OPINION BY MR. JUSTICE WALLING, February 11, 1924:

This suit in equity is for specific performance of a contract for sale of real estate. On July 20, 1920, the defendant, Annie Quigley, gave the plaintiff, James F. Loughney, a two-year lease on her property known as Nos. 1522 and 1524 De Lancey Street, Philadelphia. The lease provides, inter alia, that, "It is further agreed that the said lessee shall have the right and option to purchase from the said lessor the said premises at any time during the continuance of this lease (but not during any renewal thereof) for the price of $30,000; the said lessee, however, shall have the right as part of said purchase price to assume the mortgages then on said premises." In August, 1922, plaintiff filed this bill for specific performance, averring, inter alia, a due acceptance of the option and tender of performance on his part and defendant's refusal to make conveyance as stipulated. An answer and replication were filed and testimony heard. The chancellor made findings of facts and legal conclusions; upon which the court in banc entered a final decree granting plaintiff the relief prayed for; therefrom defendant has appealed.

The case turns on the question of plaintiff's acceptance of the option and, if so, on the sufficiency of a tender of performance on his part. In May and June, 1922, plaintiff made ineffectual efforts to secure an extension of the option. Then, and later, John McConaghy, Jr., was attorney for plaintiff and James J. Breen, for defendant. On July 5, 1922, McConaghy wrote defendant as follows: "Mr. Loughney has decided to take

title to the De Lancey Street properties under his option, between now and July 20th. I got from the records the information necessary for the searches and the preparation of the papers and about the 15th of this month I will notify you of the time and place of settlement. I am writing to Mr. Breen to the same effect, but I thought I had better write to you also in case Mr. Breen should happen to be out of the city and there would be some delay in your getting notice."

Thereafter, on July 14th, McConaghy wrote Breen expressing a readiness to close the transaction and naming a time and place to meet for that purpose. According to the custom in Philadelphia, the vendee prepares the deed, and, on the following day, at Breen's request, McConaghy prepared and submitted a deed for Mrs. Quigley to execute, naming, however, plaintiff's brother, John J. Loughney, grantee. Meantime, defendant was in Illinois and did not return until July 22d. However, on July 19th, Breen wrote McConaghy as follows: "I understand the option in the lease for 1522-24 De Lancey Street is to James F. Loughney. Mrs. Quigley will comply with the terms of this option, but cannot make a deed to any other person other than James F. Loughney. Will you 'phone me to-morrow about this deed?" On receipt of this letter McConaghy promptly prepared and submitted another deed, naming plaintiff as grantee, but neither was executed. Plaintiff and his attorney made repeated efforts to find defendant on her return home so as to tender performance on his part and succeeded in finding her on July 26th, when she agreed to meet them at a stated time and place and complete the sale, but failed to do so. Meantime, on July 24th, Breen had notified McConaghy that the option had expired and Mrs. Quigley would not convey the property. On August 4, 1922, the parties met by appointment and plaintiff made defendant a formal tender of the named consideration, less certain encumbrances, which was refused and this bill for specific performance followed.

Mrs. Quigley knew from prior correspondence that Mc-Conaghy was attorney for her tenant, Loughney, and that the acceptance of the option was on his behalf; hence, she was not misled by the fact that the letter was not signed as his attorney. Furthermore, both defendant and her attorney waived any informality in the acceptance of the option by treating it as valid and agreeing to complete the sale.

It is not necessary to decide whether plaintiff could have compelled defendant to make the deed to a third party as he did not insist upon it.

The lease and option being for two years, beginning July 20, 1920, expired at the end of July 19, 1922 (Marys v. Anderson, 24 Pa. 272; Nesbit v. Godfrey et al., 155 Pa. 251; Nathan v. Sinclair, 65 Pa. Superior Ct. 237), but, as stated above, the option was accepted prior to that date. So the rule that time is the essence of such an option, while sound (Swank v. Fretts, 209 Pa. 625; McMillan v. Phila. Co., 159 Pa. 142; Westerman v. Means, 12 Pa. 97), does not affect plaintiff's rights. In addition, whether or not, after having accepted the option, plaintiff was bound to complete the purchase within the two years, he was ready, able and willing to do so not only on July 19, 1922, but on every day thereafter until August 4th, when defendant finally refused to make the conveyance; and he did everything reasonably possible to accomplish that result. He repeatedly fixed the time and place for final settlement, where defendant failed to appear, and, in an effort to make a tender, procured the necessary money and carried it from place to place.

Furthermore, even construing the contract as requiring plaintiff to pay or tender the consideration not later than July 19, 1922, the conduct of defendant and her attorney was such as to constitute a waiver of strict compliance therewith. See Welsh v. Dick, 236 Pa. 155; Sylvester v. Born, 132 Pa. 467; Pomeroy's Specific Performance of Contracts (2d ed.), p. 481. How can appel-

lant complain that a tender was not made to her when she was in a distant state a thousand miles away or while she avoided him after her return? A vendee is excused from tendering performance where the vendor is out of the State, or where he prevents such tender by avoiding the vendee: 36 Cyc. 706; see also Shaeffer v. Coldren et al., 237 Pa. 77; Allshouse v. Ramsay, 6 Wh. 331; 38 Cyc. 134; 26 R. C. L. 635. Where a party, who insists upon exact time, has himself been the cause of delay, specific performance will be decreed: Vankirk v. Patterson, 201 Pa. 90; Irvin v. Bleakley, 67 Pa. 24. The finding that the option was duly accepted and that the failure to consummate the sale resulted from appellant's default, is supported by the evidence and warrants the decree for specific performance without considering other legal aspects of the case called to our attention by appellee.

The decree is affirmed at the costs of appellant.