## Jacobs, Appellant, *v.* Gauntlett et al.

*Mortgage—Payment of interest by check — Money — Waiver— Payment to agent—Affidavit of defense.*

1. Where a mortgage provides for payment of interest in "lawful money of the United States," and a payment by check is refused, not because payment is not in cash, but for other reasons specified, the mortgagee will be presumed to have waived payment in lawful money.

2. Where a scire facias is brought on a mortgage for alleged default in payment of interest when due, an affidavit of defense is sufficient which avers tender of payment within the required period, by a check payable to the husband of the plaintiff, who on all previous occasions had acted as agent for plaintiff in every detail connected with the mortgage.

*Appeals—Affidavit. of defense—Refusal of judgment.*

3. On an appeal from an order discharging rule for judgment for want of a sufficient affidavit of defense, if the appellate court cannot say that it is clear and free from doubt that the court below erred in refusing judgment, it will not disturb the order.

Argued January 17, 1924. Appeal, No. 166, Jan. T., 1924, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1923, No. 5939, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Emma Jacobs v. Thomas Gauntlett, mortgagor, and Louis H. Petzoldt, real owner. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Sci. fa. sur mortgage.

Rule for judgment for want of sufficient affidavit of defense. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.
Rule discharged.   Plaintiff appealed.

*Error assigned* was order, quoting record.

*I. Emanuel Sauder,* for appellant.—The grantee of a
mortgagor is estopped from denying the title of the
mortgagee: Rauch v. Dech, 116 Pa. 157; Hirsch v. Till-
man, 13 Pa. C. C. R. 251.

The attempted payment of interest by the tender of a
check was valueless: McCalla v. Ely, 64 Pa. 254; Dime
Sav. Inst. v. Allentown Bank, 65 Pa. 116; Phila. v. Neill,
211 Pa. 353; Warwick Iron Co. v. Morton, 148 Pa. 72;
Booth v. Leather Co., 224 Pa. 583; Beittenmiller v.
Cooper, 23 Pa. Dist. R. 1118.

*Robert Mair,* with him *Wayne P. Rambo* and *Ormond
Rambo,* for appellee, cited: Pershing v. Feinberg, 203
Pa. 144; Gaunt v. Gas Co., 281 Fed. 655.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, Febru-
ary 18, 1924:

This is an action of sci. fa. sur mortgage to collect
principal, by reason of an alleged default in payment of
interest; the court below refused judgment for want of
a sufficient affidavit of defense, and plaintiff has ap-
pealed.

Emma Jacobs holds the mortgage in suit, for $20,000,
reduced to $10,000, created by Thomas Gauntlett, on
certain properties in the City of Philadelphia, payable
September 15, 1924, in "lawful money of the United
States," with interest at six per cent per annum due
half-yearly, it being provided that if at any time a de-
fault occurs in the payment of interest for the space of
thirty days after any semi-annual installment shall fall
due, then the whole principal debt becomes payable im-
mediately.   After creation of the mortgage, Louis H.
Petzoldt, defendant, acquired the encumbered premises;

an the sci. fa. alleges that a semi-annual installment of interest which fell due March 15, 1923, was not met by him.

The alleged default period of thirty days, relied on by plaintiff, expired Saturday, April 14, 1923, and the affidavit of defense sets forth that on April 13, 1923, defendant mailed his check for $300, the amount due, to A. B. Jacobs, the husband of Emma Jacobs, mortgagee, addressed to A. B. Jacobs at the Jacobs home in Atlantic City, N. J., where plaintiff and her husband were then residing; that defendant believed and expected to prove the check was received by A. B. Jacobs on April 14, 1923, the last day of grace; further, that, though Emma Jacobs was the recorded legal owner of the mortgage in suit, her husband had on several occasions assured defendant the mortgage really belonged to him, A. B. Jacobs; that the latter was "the person with whom deponent had all of his dealings" with reference to the mortgaged property and therein Jacobs had "acted for and on behalf of his wife in all matters pertaining to said mortgage prior to this suit." Following this averment of agency, the affidavit states that defendant's check was returned to him by mail on April 17, 1923, accompanied by a letter from plaintiff's attorney as follows: "I am returning the enclosed check made payable to A. B. Jacobs. Not only was the check made payable to the wrong person, but arrived after the thirty-day default period had expired. The entire principal of the mortgage became due and payable and I am beginning foreclosure proceedings to-day to collect, together with interest due." Immediately after receipt of this letter, defendant made a cash tender of the amount due, which was refused, suit having been commenced in the meantime.

It will be observed no complaint is made in the above letter that the amount due was not tendered in "lawful money of the United States," as stipulated in the written agreement. Mr. Justice GIBSON well said, in Decamp v.

Feay, 5 S. & R. 323, 326, that "A person for whose bene-
fit anything is to be done, may, if he please, dispense with
any part of it or circumstance in the mode of perform-
ance; and where he is present to receive performance,
whatever is not exacted is considered as waived; for if
objection had been made, on the ground of those matters
in which the proposed performance was deficient, these
might have been supplied at the time; and, therefore, you
shall not surprise the party who performed the act, by
an objection to the mode of performance, after his
vigilance has been disarmed by an apparent acquies-
cence on your part; for that would be a fraud." Here,
no question is raised as to the full authority of the at-
torney, who wrote the letter returning the check, to
speak and act for plaintiff; his words must be taken as
though written by her. Since the affidavit of defense
avers that the check was received on the last day of the
default period, had plaintiff desired to make the point
that the payment should have been tendered in cash, in-
stead of by check, she, so far as the facts offered by
defendant indicate, had ample opportunity to telephone
or telegraph him her insistence on compliance in that
respect with the strict terms of the mortgage, and since,
when the mortgage was made, plaintiff resided in Phila-
delphia (as shown by the affidavit of defense), where the
mortgaged premises are located, if she saw fit to remove
from that place to one where the interest had to be trans-
mitted to her by mail or otherwise, it was her duty, on
receipt of a check, to communicate to defendant, in the
quickest possible way, her demand for cash, so as to
afford him the opportunity to comply within the thirty
days, if she intended to insist on that point; finally, the
use of bank checks being a general business custom in
the community here involved, and plaintiff having placed
her refusal of defendant's check on specific grounds, a
demand for cash not being one of them, such a require-
ment, under the circumstances of this case, must be
taken to have been waived. With this point out of the
case, we have an affidavit of defense which avers tender

of payment within the required period, by a check payable to the agent of plaintiff, who, on all previous occasions, had acted for her in every detail connected with the mortgage in question; hence we cannot say it is "clear and free from doubt that the court below erred in refusing judgment," and this is the test in such cases: Brown v. Unger, 269 Pa. 471, 472.

The order appealed from is affirmed.