# CASES

### IN

# THE SUPREME COURT

### OF

## PENNSYLVANIA

## Brown *v.* Hill, Appellant.

*Vendor and vendee—Deed—Tender—Absence of vendor—Specific performance.*

1. An actual tender of a deed is not necessary to a vendor of real estate living out of the jurisdiction.

2. The person to whom the tender is to be made must be in attendance to receive it.

3. A vendor cannot escape his contract upon which he has received a substantial sum of money by absenting himself in a distant city in another state, without appointing a representative and a place of settlement, or affirming one selected by the purchaser.

4. Where a deed has been sent to the vendor in a distant state in ample time for him to execute it and advise the vendee by wire of that fact, and he fails to do so, he cannot afterwards complain that tender was not made in time.

5. Where a party who insists upon exact time has himself been the cause of delay, specific performance will be decreed.

Argued January 21, 1924. Appeal, No. 204, Jan. T., 1924, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1922, No. 4356, for plaintiff on bill in equity, in case of William R. Brown v. Nelson P. W. Hill. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assignment of Error—Opinion of the Court.    [280 Pa.

Bill for specific performance.    Before McCULLEN, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.    Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Alfred T. Steinmetz,* for appellant, cited: Girard M.
Coal Co. v. Coal Co., 275 Pa. 439; Piacentino v. Young,
272 Pa. 556; Mansfield v. Redding, 269 Pa. 357.

*William J. Wilson* and *James R. Wilson,* for appellee,
were not heard.

OPINION BY MR. JUSTICE KEPHART, March 3, 1924:

Appellant, living in Los Angeles, selected one Moll as
agent to secure a purchaser of real estate located
in Philadelphia.    A sale having been satisfactorily ac-
complished on acceptable terms, the understanding of
the parties was reduced to writing.    The day of settle-
ment was fixed for March 23, 1922, title to be good and
marketable, capable of being insured by a title company;
formal tender of the deed and purchase money was
waived, and time was of the essence of the contract.    All
negotiations took place in Philadelphia.    On March
18th, or a few days prior to the final day, defendant's
agent sent a deed to appellant in Los Angeles for execu-
tion (it being the custom in Philadelphia that the pur-
chaser prepares the deed), with a letter containing
instructions as to the time and place of settlement.    A
trust company was named to make the latter.    This
information had been previously requested by appellant
in a letter to his then agent.    Defendant was asked to
wire when the deed was executed and returned.    The
same information contained in the letter was dispatched
by wire to appellant some time before the settlement day.
Appellee appeared on the day designed at the place sug-
gested; defendant did not appear, claiming the deed had
been received too late and that the deal was off.    He now

asserts appellee, in not forwarding the deed at least ten days before the final day for settlement, relieved him of his obligation to complete the contract. That time is fixed because, as defendant states, it would require approximately two weeks for a deed to go from Philadelphia to Los Angeles and be returned.

The court below directed specific performance of the contract. Moll, appellant's agent, had been clothed with authority to fix the time and place of settlement, which he did. The deed was sent in ample time for defendant to execute it and advise plaintiff by wire of that fact. See Jacobs v. Gauntlett, 279 Pa. 449. Although defendant was in Los Angeles, all the negotiations took place in Philadelphia, and he should either have been there in person or have had someone to represent him. Not only could he have wired that the deed which was in his possession before the day of settlement was executed, but, had he desired to act fairly in the matter, he could have sent it to his bank attached to a sight draft, when the entire matter could have been closed. How can a vendor complain that a tender was not made to him when he was in a distant state a thousand miles away or while after his return he avoided the vendee? Loughney v. Quigley, 279 Pa. 396. In the business world today the facilities of telegraph, telephone and banks are too highly developed to permit excuses such as are here given by appellant. An actual tender is not necessary to a vendor living out of the jurisdiction. The person to whom the tender is to be made must be in attendance to receive it: 28 Am. & Eng. Encyc. of Law, 2d ed., 10, 22; Case v. Green, 5 Watts 262; Allshouse v. Ramsay, 6 Wharton 331; Schaeffer v. Coldren, 237 Pa. 77; Loughney v. Quigley, supra. The tenderer need not go out of the State to find the tenderee: 13 C. J. 667; Allshouse v. Ramsay, supra; Roberts v. Beatty, 2 P. & W. 63, 71; Emlen v. Lehigh Coal and Navigation Co., 47 Pa. 76, 83; 28 Am. &

Eng. Encyc. of Law, 2d ed., 23; Hale v. Patton, 60 N. Y. Reports 233; Santee v. Santee, 64 Pa. 473. "Where a party who insists upon exact time has himself been the cause of delay, specific performance will be decreed: Vankirk v. Patterson, 201 Pa. 90; Irvin v. Bleakley, 67 Pa. 24"; Loughney v. Quigley, supra. The vendor cannot escape his contract, upon which he has received a substantial sum of money by absenting himself in a distant city in another state, without appointing a representative and a place of settlement, or affirming one selected by the purchaser.

All the equities of the case are with the appellee, and the decree of the court below is affirmed, at the cost of appellant.