## In re INTERNATIONAL FUEL & IRON CORPORATION.

## DONNER v. UNION TRUST CO.

Circuit Court of Appeals, Third Circuit. September 10, 1927.

### No. 3536.

1. **Bankruptcy** ⊙⊐214, 253—**Pledges** ⊙⊐50—**Purchaser of demand note after nonpayment held entitled to sell note and collateral, though maker or trustee in bankruptcy had right to pay and redeem collateral before sale (General Order in Bankruptcy No. 28).**

Purchaser of demand note, secured by assignment of claim against company of which he was president, after demand and nonpayment, *held* entitled to sell note and collateral pursuant to conditions contained in note, though pledgor maker or its trustee in bankruptcy, under General Order in Bankruptcy No. 28, had right to pay note and redeem collateral at any time before sale thereof.

2. **Bankruptcy** ⊙⊐253—**General order, expressly authorizing trustee to pay note and redeem collateral, empowered court to authorize trustee to borrow money for such purpose (General Order in Bankruptcy No. 28).**

The express right of trustee in bankruptcy, under General Order in Bankruptcy No. 28, or maker of note to pay it and redeem collateral pledged *held* to carry with it right to use reasonable means for redemption, and empowered court to authorize trustee to borrow money from other creditors of bankrupt with which to pay note and redeem collateral for benefit of bankrupt estate.

3. **Bankruptcy** ⊙⊐253—**Holder's absence from country held to obviate necessity of tender of payment necessary to redeem collateral.**

Absence from country of purchaser of demand note *held* to relieve trustee in bankruptcy

of maker from necessity of making tender of payment necessary to redeem collateral pledged.

**4. Bankruptcy ⊕217(½), 253—Contemplated sale by holder of bankrupt's demand note and collateral held properly enjoined, and trustee permitted to pay note and redeem collateral.**

Where demand note, secured by assignment of claim against particular company after such claim was reduced to judgment, was purchased by president of company against which judgment had been recovered, and where maker of note thereafter filed petition in bankruptcy, *held* court properly restrained holder of note from contemplated sale of it and the collateral, and permitted trustee to pay it and redeem collateral for benefit of trust estate.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of the bankruptcy of the International Fuel & Iron Corporation, the Union Trust Company, trustee. From a decree restraining sale of note and collateral held by W. H. Donner and permitting trustee to borrow funds with which to pay note and redeem collateral, W. H. Donner appeals. Affirmed.

George R. Wallace and Wallace, Patterson & Collin, all of Pittsburgh, Pa., for appellant.

James Walton, of Pittsburgh, Pa. (William Booth, John G. Buchanan, and Gordon, Smith, Buchanan & Scott, all of Pittsburgh, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court permitting the payment of a note and the redemption of collateral by the trustee in bankruptcy.

In order to understand the significance of the various contentions and issues, a longer statement of the facts than usual seems necessary.

The International Fuel & Iron Corporation, on July 20, 1924, borrowed $25,000 from the Pittsburgh Trust Company upon its demand note, which was secured by the assignment of a claim for $102,298.70 held by it against the Donner Steel Company, Inc. The claim arose under a contract dated July 1, 1920. Suit had been begun on the claim at the time the note was given. On April 23, 1926, the International Corporation obtained a verdict on the claim against the Donner Company for $91,000.45 which with costs and interest at 6 per cent. from May 19, 1921, amounted to $121,694.90, for

which judgment was entered on May 24, 1926.

On May 4, 1926, after verdict had been rendered against the Donner Company, but before judgment was entered, the Pittsburgh Trust Company sold the $25,000 note and collateral to W. H. Donner, president of the Donner Company, for the sum of $25,495.94.

On the following day, May 5, 1926, the Pittsburgh Terminal Coal Corporation, having been informed that the Pittsburgh Trust Company had threatened to sell the note and collateral, filed a bill in equity in the District Court in which it averred that the International Fuel Corporation owed it $3,748.56 and owed other obligations amounting in all to $70,000; that the claim against the Donner Company was practically the only asset of the International Corporation, and, if collected, it would pay all debts and leave a balance for its stockholders, but, if sold, as contemplated, the Donner Company would receive a preference, and the creditors would receive nothing. The bill prayed for the appointment of a receiver of the International Corporation and an injunction restraining the Pittsburgh Trust Company from selling the note and collateral. An answer was filed by the International Corporation, admitting the averments of the bill, and thereupon an order was entered appointing a receiver and restraining the sale.

On May 22, 1926, seventeen days later, Mr. Donner filed his petition in the suit in equity and prayed that the injunction be dissolved on the ground that he had purchased the note and collateral, which he had the right to dispose of in accordance with the terms thereof. This petition was heard on May 26, 1926, by Judge Thomson, who some time later entered an order dissolving the injunction.

On the same day on which Mr. Donner filed his petition, the International Corporation filed a voluntary petition in bankruptcy in the United States District Court for the Western District of Pennsylvania, and was on the same day adjudicated a bankrupt. The verdict against the Donner Company was included as an asset in its schedules. The Union Trust Company of Pittsburgh was appointed receiver in bankruptcy of the International Company on June 7, 1926, and on the 18th day of that month was elected trustee.

On the next day, the 19th, the trustee filed its petition with the referee in bankruptcy, wherein it set forth that Mr. Donner had advertised a public sale of the judgment

against the Donner Company for June 22, 1926, and asked permission to borrow sufficient money from certain creditors, who were willing to advance it, to pay the note and redeem the collateral for the benefit of the bankrupt estate, in accordance with the provisions of General Order in Bankruptcy No. 28. It further prayed that the money thus borrowed be made a first lien on the judgment, which had then been entered, and that the sale of the note and judgment by W. H. Donner or his representatives be enjoined. The referee made an order on that day in which he directed the trustee to borrow sufficient funds to pay the note and redeem the collateral, and ordered that on payment the trustee be subrogated to all the rights and priorities of W. H. Donner.

Two days later, June 21st, the trustee filed its petition in the District Court, stating that it had been empowered by the referee to borrow money with which to pay the note and redeem the collateral; that Mr. Donner intended, in accordance with his advertisement, to sell them the following day, and prayed for an order directed to him to show cause why the trustee should not pay the note and redeem the collateral, with ad interim restraint. The order was allowed.

On June 23d, Mr. Donner filed a petition in which he alleged that the restraint was in violation of the terms of the note. This petition was heard the next day by Judge Gibson. At that hearing the trustee produced $25,397.48 in legal tender, the amount with interest due on the note, and offered it to counsel for Mr. Donner. Counsel declined to accept the money, and the court denied Mr. Donner's motion "on account of tender."

The rule to show cause of June 21st, directed to Mr. Donner, came on for hearing July 8, 1926. At the close of the hearing, the court entered an order authorizing the trustee to pay W. H. Donner $25,495.94 which was made up as follows:

Amount paid for note of W. H. Donner, May 4, 1926.............. $25,176.59
Interest to July 8................. 272.75
Cost of advertising sale........... 46.60

Total ...................... $25,495.94

On July 15, 1926, the court entered an order amending the order of July 8th. After reciting that Mr. Donner was out of the jurisdiction of the United States, the order directed the payment to be made to him or to his attorneys, Wallace, Patterson & Collin. Accordingly the trustee made a tender to the attorneys of $25,562.60, which included everything due, with all expenses and costs

of Mr. Donner up to that date, but they refused it. An appeal was taken from the order to this court by Mr. Donner. He relies upon three propositions:

(1) The District Court does not have power in a bankruptcy proceeding to restrain a public sale of collateral offered for sale in accordance with the terms of the collateral note.

(2) The court wrongfully restrained the holder of the note and collateral from disposing of them until the trustee secured funds with which to redeem, and may not then take advantage of its own wrong and permit redemption.

(3) The powers of the bankruptcy court may not be used to compel the holder to sell the note and collateral of the bankrupt to the trustee who holds them, not for the benefit of the estate, but for the benefit of the creditors, and who advanced the money, and who acquired the right to sell and dispose of the collateral at any time in their own interest.

The note provided that, upon default of payment of principal and interest or upon the nonperformance of any of the agreements and conditions contained in it, "this note shall, at the absolute option of said trust company, become immediately due and payable and in such event said trust company is hereby authorized immediately to sell the whole or any part of the aforesaid collateral or any substitute therefor or addition thereto at any broker's board or at public or private sale at the option of the trust company, without notice of the amount due or claimed to be due, without demand of payment, without advertisement, and without notice of sale, each and all of which is hereby expressly waived. * * * It is further agreed that, upon any transfer of this note, the said trust company may deliver the said collateral or any part thereof to the transferee, who shall thereupon become vested with all the powers and rights hereinbefore given to the said trust company in respect to said note and collateral."

[1] When W. H. Donner purchased the note and collateral, he became vested with the same powers and rights which the Pittsburgh Trust Company had. It is alleged and not denied that payment of the note was demanded and not made. Thereupon the trust company, and subsequently Donner, had the right to sell the note and collateral. Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136; 31 Cyc. 871; Fidelity Insurance Co. v. Roanoke Iron Co. (C. C.) 81 F. 439; In re Browne et al. (D. C.) 104 F. 762; In re

Jersey Island Packing Co. (C. C. A.) 138 F. 625. But the pledgor had the right to pay the note and redeem the collateral at any time before the sale. Pomeroy's Equity Jurisprudence, §§ 1230, 1231; Treadwell v. Clark, 190 N. Y. 51, 82 N. E. 505, Conyngham's Appeal, 57 Pa. 474, Dempsey v. Johnson, 142 App. Div. 226, 126 N. Y. S. 944; Peugh v. Davis, 96 U. S. 332, 24 L. Ed. 775. The trustee in bankruptcy succeeded to the rights of the pledgor, the International Corporation, and so had the right to redeem. In re East Stroudsburg Supply & Construction Co. (D. C.) 248 F. 356; Merchant's National Bank et al. v. Sexton, 228 U. S. 634, 33 S. Ct. 725, 57 L. Ed. 998.

General Order in Bankruptcy No. 28 provides that:

"Whenever it may be deemed for the benefit of the estate of a bankrupt to redeem and discharge any mortgage or other pledge the trustee, or the bankrupt, or any creditor who has proved his debt, may file his petition therefor, and thereupon the court shall appoint a suitable time and place for the hearing thereof, notice of which shall be given as the court shall direct, so that all creditors and other persons interested may appear and show cause, if any they have, why an order should not be passed by the court upon the petition authorizing such act on the part of the trustee."

[2] This express right to redeem the pledge carried with it the right to use reasonable means for redemption, and so empowered the court to authorize the trustee to borrow the money from certain creditors with which to pay the note and redeem the pledge for the benefit of the bankrupt estate.

Did the trustee properly and effectively exercise that authority? On June 21, 1926, the trustee filed its petition to redeem, and alleged that it was "in funds" sufficient to redeem the note and collateral. The court thereupon set a place and time for hearing, and directed notice to be mailed to creditors as required by General Order No. 28.

[3] At the hearing on June 24, 1924, the trustee tendered in open court the amount then due. Appellant's counsel refused to accept it on the ground that they did not have authority to do so as Mr. Donner was out of the country in Europe. The trustee did all that he could to pay the note and redeem the collateral, and was not required to follow appellant to Europe to make tender. Further, the absence of Mr. Donner from the country relieved the trustee of the necessity of making tender. Loughney v. Quigley, 279 Pa. 396, 124 A. 84; Brown v. Hill, 280 Pa. 1, 124 A. 184; Casserly v. Wetherbee et al., 119 N. Y. 522, 528, 23 N. E. 1000.

[4] It may be unfortunate for the appellant that he could not or did not dispose of the note and collateral before the intervention of bankruptcy and the proceedings to redeem. He could have sold the collateral at private sale without advertisement. This he did not choose to do. Two proceedings were going on side by side, one to sell and the other to redeem the collateral. It was then a contest between Mr. Donner and the trustee which represented all the creditors, and duty demanded that it use every proper procedure to benefit the bankrupt estate. The redemption of the collateral resulted in saving for the creditors $96,198.96. On construing its power and balancing equities, after the intervention of bankruptcy, a new element in the case, we do not think that the court erred in restraining the sale and in permitting the trustee to redeem for the benefit of all the creditors. What it did was to exercise the power conferred upon it by General Order No. 28 to secure justice and equity for the creditors.

The appellant contends that the purpose of the payment of the note and redemption of the collateral was to benefit the particular creditors who advanced the money and not all the creditors. Counsel says:

"This order (referee's) is clearly not made for the benefit of the estate, but is a device whereby the court forces Mr. Donner to turn over the note and collateral to a group of creditors who have loaned money for the purpose of buying it, and who, after the transfer, will hold it with the right to sell at any moment, without notice to themselves or others, under the terms of the note."

The contention is based on the following portion of the referee's order:

"That said the Union Trust Company of Pittsburgh, trustee, shall for the benefit of the creditors so advancing such amounts, be subrogated to all the rights and priorities of W. H. Donner in respect to said collateral note and judgment, and that the amount so borrowed from said creditors with interest thereon shall be refunded to them out of the proceeds of said judgment, as, when, and if collected, without priority, preference, or distinction between the amounts so advanced by the respective creditors and provided further that any interest which the general estate of the bankrupt may have in said judgment as a common fund shall be held and disbursed, subject to the payment of said money so advanced, with interest."

In the petition of the trustee, however, for authority to borrow money, it said that, if permitted to borrow, it "will immediately proceed to redeem said note and judgment for the benefit of the estate of said bankrupt." In the order of the District Judge made two days later, he said: "And it appearing that it is for the benefit of the estate of International Fuel & Iron Corporation, bankrupt, that said note and collateral be redeemed." The evident purpose of the redemption was to benefit the entire estate in bankruptcy so that the creditors as a whole might not lose the benefit of the judgment of $121,694.90 against the Donner Company. It is true that the order of the referee subrogated the creditors who advanced the money to redeem "to all the rights and priorities of W. H. Donner in respect to said collateral note and judgment," but this was only to make sure, "that the amount so borrowed from said creditors with interest thereon shall be refunded to them out of the proceeds of said judgment." If, however, with good intentions of the court, the language of the order went too far and vested in the creditors advancing the money power that was unnecessary for their protection and dangerous to the interest of the other creditors, the court had control of the estate and its own orders, and could speedily correct any attempted abuse of the power it had given to the trustee or creditors in question.

We think that the court administered substantial justice in this case, and in doing so did not commit reversible error. The decree is affirmed.