Erkess *v.* Eisenthal et ux., Appellants.

Argued April 8, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

Daniel Marcu, for appellants.

Harry A. Rutenberg, with him Jay D. Barsky, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 27, 1946:

This is a bill in equity by Walter Erkess, appellee, to compel George Eisenthal and Miriam Eisenthal, his wife, appellants, to specifically perform a written contract for the sale of real estate. The chancellor granted the relief prayed for. This appeal is from the refusal of the court below to sustain exceptions to his findings and to the decree nisi.

George Eisenthal and Miriam Eisenthal, appellants, by an agreement dated August 10, 1944, agreed to convey certain described premises to Walter Erkess, appellee, for $4,500. The contract provided, inter alia, for settlement within ninety (90) days from date—"time to be of the essence of this agreement", and possession to be given "at the date of settlement." Settlement was never had and appellants remained in possession. Appellee thereupon filed this bill for specific performance. At the hearing one Arthur L. Berns, appellee's agent, testified that a month after the contract was executed, Mrs. Eisenthal, wife-appellant, inquired of him whether the of ninety days. She was informed that the purchaser purchaser could make settlement in thirty days instead

was ready, willing, and able to make settlement at any time thereafter. Settlement was not made earlier as Mrs. Eisenthal originally planned. Not having heard from appellants, Berns wrote two letters, one dated October 12, the other October 28, 1944, asking appellants to fix a date for settlement. No reply was received to these letters, and on November 1, 1944, Mrs. Eisenthal again contacted the agent. His version of the conversation that ensued was that she ". ... told me that she was not going to make settlement. I asked her why and she said, 'Well, because I cannot make settlement. I don't have any place to go to and I am not going to make settlement.'" Mrs. Eisenthal denies this repudiation. Regarding this dispute of fact, the court below said: "We have no hesitation in relying on Berns' account. He was in our opinion sincere in his intention to carry out the contract as written. His conduct was consistent with that purpose .... He got the old deed, applied for title insurance, secured the needed mortgage ...".

On November 10, 1944, the agent wrote to appellants expressing appellee's readiness to make settlement on that date, and on November 13, 1944, counsel for appellants notified appellee of appellants' intention to rescind the contract for non-performance within the ninety days, and enclosed a check for $200 in repayment of the earnest money. The facts as stated were found by the chancellor, approved by the court en banc, and, being supported by competent evidence, are accepted here as binding: *Hagdorn v. Faust*, 348 Pa. 261, 35 A. 2d 75.

Appellants contend that appellee has failed to establish a right to specific performance because (1) no tender or offer thereof of the purchase money has been proven; (2) there was no mutuality of remedy under the contract; and, (3) appellee himself did not appear at the place for settlement on the date specified in the contract. These contentions are without merit. They completely ignore or disregard specific and amply supported facts found by the court below.

The court below, upon ample evidence, found as a fact that appellants had repudiated their agreement and had declared their intention not to convey. Under such circumstances the law will not require a person to do a vain and useless act. What this Court said in *Sidle v. Kaufman*, 345 Pa. 549, 554, 29 A. 2d 80, is peculiarly applicable here: ". . . the vendee is relieved of all necessity of making a tender as a condition of specific performance, on the ground that the law does not require the doing of a vain and utterly useless act, and hence whether an adequate tender was made by Sidle, or no tender at all, is of no consequence in the disposition of this case. Having expressly declared the contract null and void prior to settlement day, and in the meantime having done no act recognizing its validity, the Kaufmans are not now in position to assert that a full and complete tender was not made: Penna. Mining Co. v. Smith, 207 Pa. 210, 211-12; Shrut v. Huselton, 272 Pa. 113, 116; Martin v. Cybulski, 282 Pa. 297, 299; Driebe v. Fort Penn Realty Co., 331 Pa. 314, 320."

The assertion that there is no mutuality of remedy is without foundation. Mutuality of obligation is one thing; mutuality of remedy another. The parties became mutually obligated to each other and each had a remedy. Cf. *Driebe v. Fort Penn Realty Co.*, supra.

Appellee's failure to make settlement on the exact day is without material significance in the instant case. A person insisting upon the exact time of performance, within time specified, but who has himself been the cause of delay cannot, for that reason, object to specific performance. In *Unatin 7-Up Company, Inc., v. Solomon*, 350 Pa. 632, 636, 39 A. 2d 835, 837, the Court said: "Where a party who insists upon exact time has himself been the cause of delay, specific performance will be decreed: Vankirk v. Patterson, 201 Pa. 90, 95, 50 A. 966, 967; Loughney v. Quigley, 279 Pa. 396, 401, 124 A. 84, 86; Brown v. Hill, 280 Pa. 1, 4, 124 A. 184, 185; Paralka v. Grummel, 282 Pa. 235, 238, 127 A. 619, 620. In dis-

cussing the efforts of an optionee to accept the option and make a tender of the purchase money within the time limited in the option this Court said in *Schaeffer, to use, v. Coldren,* 237 Pa. 77, 84, 85 A. 98, 99: " 'He did everything that could be reasonably expected of him in serving notice of his election to exercise the option, and in making tender of the purchase money . . . It has been frequently held that acts insufficient in themselves to make a complete tender, may operate as proof of readiness to perform, so as to protect the rights of a party under a contract, where a proper tender is made impossible by reason of circumstances not due to the fault of the tenderer.' "

Decree affirmed at appellants' costs.