Sunseri et ux. *v.* Mancuso et ux., Appellants.

Submitted May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward E. Petrillo* and *Thomas S. Mszanowski*, for appellants, submitted a brief.

*Richard D. Agresti, Gerald A. McNelis* and *Agresti & Agresti*, for appellees, submitted a brief.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 24, 1949:

This case was started by a Bill in Equity for specific performance for sale of realty, by a purchaser.

On May 14, 1946, a real estate broker, through his agent, secured a listing of two properties owned by defendants for sale, including the property in question, 606 W. 17th Street, Erie, Pennsylvania, and, by June 24, 1946, had secured a third listing for an additional property, all at the usual 5% sales commission. The premises had been purchased by the defendants in February of 1946 for a sum not exceeding $8,000.00, as evidenced by the Federal Revenue Stamps affixed thereto.

The broker secured the plaintiffs as purchasers of the property in question for the agreed price of $10,600.00 by June 25, 1946, and an Agreement for sale thereof was made, executed by all parties and delivered, which Agreement provided for a down payment of $500.00. receipt whereof was acknowledged and the balance of $10,100.00 to be paid on or before July 15, 1946. The premises had erected thereon a store building converted into a four-family brick flat, with a total rental value of $80.00 per month.

Immediately after the contract was signed the plaintiffs-purchasers notified their attorney and defendants' agent-broker of their desire to close the transaction July 1, 1946, for convenience in prorating taxes and insurance. Defendants' broker conveyed this information to defendant, Mary Mancuso, before July 1, 1946, and to her husband by July 3, 1946, after the latter was

released from jail where he had been lodged four days earlier for drunkenness.

The efforts made by the plaintiffs to get the defendants to come into the latter's broker's office or to the office of purchasers' attorney to accept the consideration were unsuccessful. They later informed their broker that they could get more money for the property. Plaintiffs notified their attorney to close the transaction and had the money on hand for this purpose. Repeated efforts to get the defendants to accept the tender of the purchase money and to deliver a deed failed, which was evidenced by a letter from the purchasers' attorney on September 18, 1946. Prior to the date therein set for the requested meeting with the defendants, plaintiffs had deposited with their attorney the balance of the purchase price. Defendants in their answer and testimony resisted the claim of plaintiffs by stating that defendant-husband was so inebriated that he did not know what he was doing, and that the matter was not explained to him; that he signed to get rid of his agent and he did not look at it; that defendant-wife was coerced by her husband into signing the Agreement; that she did not hear and was told that it did not matter if she signed the Agreement; that she did not have to sell as long as she did not sign the deed. After a hearing the court decreed specific performance in favor of the plaintiffs and the plaintiffs deposited the sum of $10,600.00 on August 1, 1947, with the Prothonotary in accordance with the Order.

The court below in its opinion said, inter alia, "Where a party avows his intention not to live up to his contract, tender is unnecessary since, as was said in Suchan v. Swope, 357 Pa. 16, 23, '. . . the law is too pragmatic in its philosophy to require the doing of a vain and useless act: . . .' Prior to the settlement date the respondents had repudiated their contract and signified that it constituted 'no deal.' This fact had been communicated by the respondents' agent to Mrs. Sunseri. Under all

these circumstances it was quite evident that formal tender would be a vain ceremony which the law does not require. These principles apply notwithstanding a contract may expressly stipulate that time is of the essence. See Erkess v. Eisenthal, 354 Pa. 161. The conclusion of the chancellor that 'This is a case where two sellers of real estate became dissatisfied with their bargain and are now attempting to escape it' seems amply supported by the evidence." The court decreed the specific performance prayed for.

The decree of the court below is affirmed at appellants' cost.