## Commonwealth v. Gerlach

*John L. Wilson*, for Commonwealth.

*Lee C. McCandless*, for defendant.

SHUMAKER, P. J., November 4, 1959.—This matter is before the court on exceptions filed to the findings of fact, conclusions of law and decree embodied in the opinion and decree of this court dated April 22, 1959.

On January 20, 1958, defendants gave an option to the Commonwealth of Pennsylvania, plaintiff in this action, to purchase their 253 acres of land made up of two tracts situate partly in the Borough of Slippery Rock and partly in Slippery Rock Township for the sum and price of $60,000, which option was for a period of 90 days and by the terms thereof was to become a land purchase contract upon the acceptance thereof by the Commonwealth. This was officially exercised on March 5, 1958, within said 90-day period.

This land is adjacent to the Slippery Rock State Teachers College Campus and is desired by the Commonwealth for said college for college expansion and development.

All of defendants met in the office of attorney John L. Wilson, local counsel for the Commonwealth of Pennsylvania, on a subsequent date by arrangement and appointment and were advised that the titles to the two properties involved had been examined and found marketable.

A deed was presented to defendants for their signatures and all of defendants except Clair S. Gerlach signed and acknowledged the instrument conveying said property to the Commonwealth.

The court found as a fact that defendant Clair S. Gerlach assigned no reason for refusing to make and execute said deed except that he wanted to think it over. Later, he assigned the reason that the consideration was not present but had to be requisitioned from Harrisburg.

There was a lapse of time during which effort was made to get this defendant to execute the deed but all efforts in this regard were of no avail.

The Commonwealth then filed the complaint in equity to compel specific performance.

After hearing held, this court entered a decree on April 22, 1959, directing specific performance and requiring defendant Clair S. Gerlach to appear in the prothonotary's office on May 12, 1959, at 12 noon, and there sign and acknowledge said deed before the prothonotary and further directed that in the event he failed so to do, the prothonotary should execute said deed for him conveying all of his interest in the subject property.

The court directed plaintiff in said decree to place in the hands of the prothonotary the sum of $60,000, being the purchase price for the property.

On May 4, 1959, exceptions were filed by counsel for defendants.

Oral argument was held in this matter of the exceptions filed, and on October 1, 1959, the brief for the Commonwealth was filed with the court, at which time the matter is considered before the court.

It is here again to be noted that all of defendants save one, Clair S. Gerlach, are nominal defendants only, they having made, executed and acknowledged the deed, are and remain ready and willing to consummate the transaction, and indeeed, some of them testified at the hearing in behalf of plaintiff.

This leaves only Clair S. Gerlach as the real party defendant.

Specific exception was taken by counsel for said defendant to the court's calling attorney John L. Wilson to the witness stand during the trial as the court's witness.

Mr. Wilson was so called for the reason that more of the testimony adduced dealt with what transpired in Mr. Wilson's law office and the court desired the benefit of all possible testimony concerning what occurred there.

While the procedure may have appeared unusual, this court was then sitting in equity and as a court of conscience deemed it fair to all parties to have the benefit of Mr. Wilson's testimony.

This court, as the trier of the facts, was under no special obligation of any kind to accept this testimony at face value. He was at full liberty to attribute to it such weight or credit as he deemed it was entitled to receive.

It is obvious that no jury was involved in this litigation. Had there been this court would never have called a witness of any kind and certainly not one of the gentlemen of counsel. This clearly might have in-

fluenced a jury in the matter of attributing weight to the lawyer's testimony.

Since attorney Wilson did not volunteer to take the witness stand, the court did not require him, since he was court-called, to disqualify himself and have other counsel proceed with the trial.

We are of the opinion that since this case is in equity, the court was well within its bounds of propriety in seeking for consideration all of the possible testimony available and that therefore the exception to this conduct of the court is without merit and must be dismissed.

However, if any error was thus committed, it was certainly harmless error and must be ignored.

For the purposes of this opinion now being written and for the purposes of the prior and present conclusions reached by this court, the entire testimony of Mr. Wilson can be wholly and completely ignored.

The fact appears from the unqualified testimony of all the other witnesses in the case that defendant Clair S. Gerlach did refuse to make and execute the deed as per the provisions of the land purchase contract to which he was bound by his signature thereto.

Excerpts from Mr. Wilson's testimony were inserted under "Discussion" in the body of the opinion of April 22, 1959, but solely because it was in narrative style and seemed to explain concisely what had been developed from other witnesses from short questions and short answers.

Let us take the statement of the real party defendant himself as it appears on page 51 of the record in his direct examination made by his attorney, Mr. McCandless, which would be that part of the case most favorable to him.

Mr. McCandless: "Now, will you relate as near as you can recall what took place at that meeting?"

Mr. Clair S. Gerlach: "Well, as I recall, they talked over the signing over the deed and he says, 'Here, you sign this over, we'll requisition the money.' I said, 'When is this money coming through?' They couldn't assure me. 'Well,' I says, 'I'll not sign it.' Of course I didn't go on and say, I'll not sign it, because there's no money, because that was their conversation, that was understood why I wouldn't sign it."

Mr. Clair S. Gerlach: "Of course, I won't say what was in their minds. I won't swear I did say I won't sign it because of that. I know that was the conversation from the very first."

Counsel for exceptants has laid emphasis on the fact that plaintiff in this case has no greater rights in this action by virtue of it being the sovereign, i.e., the Commonwealth of Pennsylvania, than an individual litigant would have. With this, the court readily agrees with the proposition and takes no issue with learned counsel on this point at all. This is no case or situation where a court is duty bound to especially protect the interests of society. From the outset the Commonwealth in this case has been considered by this court as having the standing or status of an individual plaintiff.

Counsel for the real party defendant, Clair S. Gerlach, stoutly contends that this court is without jurisdiction since the bill for specific performance was filed prior to the tender of the purchase price.

It is true that the complaint in equity was filed in the prothonotary's office of Butler County on July 21, 1958, and that on August 29, 1958, counsel for plaintiff tendered to counsel for defendants the full amount of the purchase price of $60,000, which tender was rejected.

Paragraph VII of the complaint states: "That the plaintiff has been and is ready and willing to pay over to the defendants the consideration or sum of Sixty

Thousand Dollars ($60,000.00) and has so advised all the defendants, but has made no formal tender thereof, for the reason that the defendant, Clair S. Gerlach, has expressly stated that he will not join in the signing, execution, acknowledgment and delivery of the proper deed for the conveyance of his interest in the premises as agreed upon in the land purchase contract dated January 20, 1958."

While there are reported cases in Pennsylvania examined by this court which would indicate that tender by plaintiff is a condition precedent to file an action for specific performance, certainly a court in equity should not require as a condition precedent a very useless and futile thing. Gerlach had stated emphatically he would not sign the deed and did not demand the money in advance.

The answer to the petition for specific performance was filed on August 6, 1958, and from said answer plaintiff learned in paragraph IV thereof that defendant Clair S. Gerlach contended and so averred that the failure by the State to first tender the purchase price constituted a breach of the agreement of sale.

With this knowledge the tender of the full purchase price was made on August 29th following.

In the case of Heights Land Company v. Swengel's Estate, 319 Pa. 298, 301, it is stated:

"It is equally well established that a tender of performance on the part of plaintiff is prerequisite to a decree for the specific performance of a contract for the sale of real estate [citing cases]."

A decree was not made in the case at bar until the tender of August 29th was made and scrutiny of the decree of April 22, 1959, shows clearly that the Commonwealth was required to deposit the full purchase price with the prothonotary. An examination of the dockets in the prothonotary's office touching upon this

case discloses that the Commonwealth did comply and did deposit with the prothonotary the sum of $60,000, but still defendant refused to make, execute and deliver the deed required but instead filed the exceptions now before the court.

Defendant, Clair S. Gerlach, in spite of the opposition by all of the other codefendants, tenants in common with him of the fee simple title of the subject property, took it upon himself to rescind the land purchase agreement of January 20, 1958, without first having made a tender of the deed and without demanding the purchase price or consideration therefor. Had he done so the money would have been forthcoming, forthwith.

It is to be noted that the case of Heights Land Company v. Swengel's Estate, cited and quoted, supra, very clearly states that a tender of performance by a plaintiff is *prerequisite to a decree for specific performance* and it is the position of this court that proper tender was made before the decree ordering specific performance was made and handed down by the court.

It is true, however, that said case, indeed in the same paragraph, states: "Thus an action to compel payment of the purchase money cannot be maintained by the vendor without tender of a conveyance *before suit brought* [citing cases]", and the case stands for the latter proposition which seems contra to the words prerequisite to a decree. (Italics supplied.)

The case of Phillips v. Tetzner, 357 Pa. 43, holds that an option is an offer which, when accepted, becomes a valid and binding contract [citing cases]. Two quotations from this case are of importance, pages 46 and 47:

"In the present case appellee did exercise his option within the stipulated time. By such exercise appellee became the owner of an equitable interest, which interest became vested [citing cases]."

"It is a well-established rule of law that a tender is excused where such tender would be a useless and idle ceremony [citing cases]."

In the case of Erkess v. Eisenthal, 354 Pa. 161, 164, appellants contended that the appellee failed to establish a right to specific performance because no tender or offer thereof of the purchase money had been proven. The Supreme Court stated:

"The court below, upon ample evidence, found as a fact that appellants had repudiated their agreement and had declared their intention not to convey. Under such circumstances the law will not require a person to do a vain and useless act. What this court said in Sidle v. Kaufman, 345 Pa. 549, 554, 29 A. 2d 80, is peculiarly applicable here: '. . . the vendee is relieved of all necessity of making a tender as a condition of specific performance, on the ground that the law does not require the doing of a vain and utterly useless act, and hence whether an adequate tender was made by Sidle, or no tender at all, is of no consequence in the disposition of this case. Having expressly declared the contract null and void prior to settlement day, and in the meantime having done no act recognizing its validity, the Kaufmans are not now in position to assert that a full and complete tender was not made [citing cases].' "

To quote further from this case, page 164:

"A person insisting upon the exact time of performance, within time specified, but who has himself been the cause of delay cannot, for that reason, object to specific performance."

In the case of Schaffer v. Coldren, 237 Pa. 77, 84, quoted in Erkess v. Eisenthal, supra, stated:

"He did everything that could be reasonably expected of him in serving notice of his election to exercise the option, and in making tender of the purchase money. . . . It has been frequently held that acts in-

sufficient in themselves to make a complete tender, may operate as proof of readiness to perform, so as to protect the rights of a party under a contract, where a proper tender is made impossible by reason of circumstances not due to the fault of the tenderer."

In view of these statements of law, we look again at the facts of the case at bar.

It would appear to be the practice of the Commonwealth to pay money from the funds in the hands of the State Treasurer upon proper requisition. The meeting in the office of attorney Wilson, representing the Commonwealth in this transaction, was not a final date of closing or consummation of the transaction but was rather a necessary step to be taken toward the final settlement or closing the deal. Attorney Wilson's statement that he would requisition the purchase price from Harrisburg upon the signing of the deed was in effect an offer to perform and in a sense a tender. Certainly Clair S. Gerlach could not and did not question the credit of the Commonwealth or consider that there were not sufficient funds available to pay him and the other coöwners of the property who raised or voiced no objection.

One should read carefully the testimony of Dr. Norman Weisenfluh, president of the college to be benefited by the acquisition of the subject property, where it is clearly discernible that Gerlach refused to go forward with the deal, making no demand or request for his share of the money in advance or at the time he would deliver the deed. We accept as facts the testimony of this witness and based on it, certainly formal presentation of the purchase money to Clair S. Gerlach would have been a useless thing, within the meaning of the cases here relied upon.

Certainly, the law takes a practical approach. Upon the filing of defendant's answer in which he averred failure of tender on the part of plaintiff, plaintiff could

have discontinued its action for specific performance and refiled the law suit which would then have made the tender of the $60,000 by Mr. Wilson, attorney for the Commonwealth, to Mr. McCandless, attorney for Clair S. Gerlach, prior to the filing of said suit, which would have eradicated the present complaint of defendant Clair S. Gerlach.

This still could be done, since time is not of the essence of the contract, but would result in waste of court time in the retaking of duplicate testimony, the making of the same findings of fact and conclusions of law. If ever there was an example of useless and futile effort, cost and expense, this would be it.

The Commonwealth had and still has the right or power of eminent domain and could have taken this property for education purposes by condemnation. It still could do so, should this litigation ultimately terminate adversely to the Commonwealth. This would be a multiplicity of actions with no net gain to any of the litigants. The option agreement signed by the parties would be competent evidence before the board of viewers as would be the testimony of the other co-owners and would also be competent evidence on the matter of fair market value on an appeal by either side to this court of common pleas from an award of the board of viewers and would certainly, in all probability, peg the verdict if not the award at $60,000, the amount defendants are to receive by their sales agreement and the orders of this court made in this case.

It would appear that the Commonwealth will eventually acquire the property, either in this action or by condemnation.

The Commonwealth chose to acquire the property of defendants on a friendly, neighborly basis and negotiated for the same by having the college president deal with his neighbor in the small community of

Slippery Rock and the evidence discloses that defendant Clair S. Gerlach was satisfied with the transaction arranged and bound himself thereto by signing voluntarily, of his own free will and accord, the option to sell which later ripened into a land purchase contract when the Commonwealth officially exercised its option within the period designated thereon.

All delay in this matter is directly attributable to the stubborn refusal of Clair S. Gerlach to sign the deed and consummate the transaction.

While it does not appear of record and is of no consequence and significance, we cannot resist stating at this point that prior to the hearing this court held a pretrial conference with counsel, which Clair S. Gerlach was invited to attend. This conference was held in judicial chambers and effort was made by the court to settle and adjust the matter. Dr. Norman L. Weisenfluh, President of Slippery Rock State Teachers College, offered in behalf of his board of trustees to Clair S. Gerlach many concessions, although it was clearly stated that the same could not be legally binding upon the Commonwealth, since he lacked official authority as agent to bind the sovereign, but assured Clair S. Gerlach that these privileges would be his.

Gerlach firmly refused to consider any proposition unless he be paid more money and be permitted to convey only a part of the subject property to the Commonwealth for college purposes.

The court was left with the impression, although it is not made part of the adjudication, that Gerlach was and is holding out for more money and wants to take out of his contract a portion of the property he wishes to retain.

It is here noted again that time is not of the essence of the contract, and therefore plaintiff is still entitled to the equitable relief sought.

It is the opinion of this court that the exceptions filed and now before the court are without merit and must therefore be dismissed.

Hence this order:

### Order

And now, November 4, 1959, exceptions now before the court are dismissed and the decree of this court of April 22, 1959, is hereby reinstated.

The Commonwealth of Pennsylvania is again directed to deposit the sum of $60,000 with the prothonotary on or before November 19, 1959, at 12 noon, at which time defendant Clair S. Gerlach is ordered and directed to appear before the prothonotary and join in and acknowledge the deed conveying the subject property to plaintiff, which deed shall be deposited with the prothonotary.

Upon his failure so to do, the prothonotary shall proceed to execute said deed as per decree of April 22, 1959.