Hagdorn et ux., Appellants, *v.* Faust et ux.

Argued December 1, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

reargument refused January 14, 1944.

*William H. Seyfert,* with him *G. Harry Ditter,* for appellants.

*Henry W. Koons,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

Charles Hagdorn and Anna Hagdorn, his wife, appellants, asserting a right-of-way over a portion of land owned by Jacob D. Faust and Lydia Faust, his wife, filed a bill in equity seeking to permanently enjoin appellees from constructing a garage upon the said land. This appeal is from an order dissolving a preliminary injunction and dismissing the bill.

The property owned by the respective parties is separated by a public alley. In November, 1920, appellants' predecessor in title built garages upon his property. He constructed a cement driveway for the use of his tenants. The cement extended over a portion of the public alley which leads into Durham Street. Appellees' property, a space approximately twelve feet by seventeen feet, remained unpaved. Those renting the garages

would occasionally drive over the corner of appellees' property, using this as a short-cut to Germantown Avenue. There was no necessity for this use, the cemented driveway affording adequate means of ingress and egress. Appellees' property was used by appellants and appellees at their pleasure. In the event of deep snow during the winter only the cement on the driveway would be cleared and used.

Appellees purchased their property in May, 1941, and occupied it February 1, 1942. They removed a fence near the rear of their property and made various other improvements. Appellees secured permission from the municipal authorities to erect a garage upon the property in question. No knowledge of appellants' asserted prescriptive right was had prior to August 30, 1941, when a preliminary injunction, temporarily restraining appellees from constructing their garage, was served upon them. After a hearing, the chancellor determined as a fact that there was not an open, notorious, uninterrupted, adverse use by appellants, and found as a conclusion of law that they failed to establish a prescriptive right to the use of appellees' property. The bill was dismissed and the preliminary injunction dissolved.

Findings of facts by a chancellor and approved by the court en banc, if supported by competent evidence or reasonable inferences therefrom, have the effect of a jury verdict and are binding upon this Court: *DePaolo v. De Romo*, 346 Pa. 654, 658; *Fitzpatrick v. Fitzpatrick*, 346 Pa. 202, 206.

After a careful consideration of the whole record we conclude that there is sufficient evidence to warrant and justify the conclusion of the court below that appellants "failed to prove an open, notorious, continuous, uninterrupted and adverse use of any part of [appellees'] property for a period of twenty-one years."

Decree affirmed. Costs to be paid by appellants.