Gajewski *v.* Fettig et ux., Appellants.

Argued May 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ben R. Jones, Jr.,* with him *Frank P. Lenahan,* for appellants.

*Peter Kanjorski,* with him *Alexander J. Laffey,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 25, 1946:

Catherine Gajewski, appellee, by her guardian ad litem, Stanley Matuszak, filed this bill in equity to com-

pel Adam Fettig and Sophie Fettig, appellants to (1) reconvey real estate to her for the reason that she did not, at the time of conveyance, possess sufficient mental capacity to execute a valid deed, and (2) secure an accounting of rents and profits. After a hearing upon the bill and answer thereto, the chancellor granted the relief prayed for. This appeal is from the decree of the court en banc dismissing exceptions to the adjudication.

Catherine Gajewski and her husband, John Gajewski, prior to February 1, 1945, owned two parcels of real estate situate at 35 and 37-39 East Chestnut Street in the City of Wilkes-Barre as tenants by the entireties. On February 1, 1945, they executed a deed conveying all of their real estate to Adam Fettig and Sophie Fettig. On February 13, 1945, John Gajewski died. On February 26, this bill in equity was filed.

The chancellor found as a fact that "on February 1, 1945 . . . Catherine Gajewski, did not possess sufficient mental capacity to execute a valid deed . . ." and directed a reconveyance and an accounting as prayed for.

Findings of fact by a chancellor, approved by the court en banc, have the force and effect of the verdict of a jury and will be set aside when arbitrary and capricious and unsupported by the evidence: *Genetti v. Genetti,* 351 Pa. 169, 170, 40 A. 2d 413; *Hagdorn v. Faust,* 348 Pa. 261, 262, 35 A. 2d 75. The evidence adduced clearly warrants the findings of the chancellor and their approval by the court en banc.

One Dr. Baskett, a reputable psychiatrist, examined Mrs. Gajewski six weeks after the execution of the deed in question, and as a result of his examination he found that she had "the general appearance of advanced senility . . . she showed a marked arterio-sclerosis . . . she was disoriented for time and place." His diagnosis was "advanced senile deterioration of long standing" for at least five years. On cross-examination, he stated that Catherine Gajewski was not mentally capable of disposing of her property on February 1, 1945; that she could

not have had a lucid interval on that date for the reason that she was too deteriorated to have sufficient understanding; that "she doesn't know anything about her property. She doesn't know anything about time and this is a condition which does not come on over night, it is a very slowly progressive operation. This patient is too senile and deteriorated to know what she is doing."

During the course of the trial, court was convened at the bedside of appellee. At that time she did not know what was going on. She had no knowledge of her possessions or the number of her children, the death of her husband, which occurred several weeks earlier, remembered nothing regarding the execution of the deed, and did not know the year, month, or day nor the street on which she lived.

Stanley Matuszak, appellee's son, who saw her one week after the conveyance, testified that she did not recognize him until he told her who he was. After her husband's decease she did not believe he was dead. Antonia Matuszak, his wife, stated that she had visited appellee once or twice a month during the year preceding the conveyance and afterwards. At all times appellee was incoherent, unable to recognize persons, and could not remember anything.

Opposed to this testimony was that of the appellant daughter, Sophie Fettig, who stated that her mother was possessed of all her faculties at the time of the execution of the deed to her and her husband and that during the noon recess and after the hearing at the bedside her mother told her that she was afraid to talk but that she wanted the property to remain in appellants' hands. The chancellor found this later testimony so "palpably improbable" that he felt obliged to disregard all of her testimony. Other testimony adduced on behalf of appellants was clearly insufficient to require a finding that appellee was of sound mind and understanding on the day the deed was executed.

The decree is affirmed, costs to be paid by appellants.