Per Curiam,
 

 This was a bill in equity filed by interested property owners to restrain the Borough of North Belle Vernon from laying out and opening an alley through their land, located in what was known as the Myford plan of lots in said borough. The plaintiffs averred, in substance, that the alley as marked on the plan never had been opened on the ground and, by mutual consent of all the owners, had been given up as an alley, and the land surrendered to the abutting property owners; and that the ordinance, under which the borough officers purported to act in entering plaintiffs’ lands, tearing down their fences, and physically opening the alley, had not been legally advertised or posted and had been
 
 *461
 
 voted down by Council and not adopted; and that the alley had not been legally opened or laid out by the borough council.
 

 To this the borough filed an answer, under Equity Buie 48, raising preliminary objections to the bill: “(1) That upon the facts averred, the plaintiffs have a full, complete and adequate remedy at law; (2) that upon the facts averred, equity has no jurisdiction to adjudicate the issue.”
 

 The court, after hearing argument, entered a decree dismissing the bill on the ground that equity did not have jurisdiction; but in doing so it assumed the existence of certain matters which were contrary to the facts as averred in the plaintiffs’ bill. This it had no right to do. Thus, it stated that the averment of the bill, that all the property owners in the Myford plan of lots had consented to do away with the alley and surrender the land to the abutting owners, was denied by the borough — though no answer on the merits making such denial had been filed; and the court assumed, contrary to the averments in the bill, that an ordinance for the laying out and opening of the alley had been duly enacted. On the trial, following an answer on the merits, these matters may be established as facts and may govern the outcome of the suit. We express no opinion on the merits. But in the pending proceeding the court was bound to accept the averments of the bill as verity and could give no effect to- oral suggestions of the borough’s defense on the merits. The question of jurisdiction in equity must be determined solely upon the averments of the bill:
 
 Rutherford Water Co. v. Harrisburg,
 
 297 Pa. 33, 38, 146 A. 113;
 
 Bank of Pittsburgh v. Purcell,
 
 286 Pa. 114, 133 A. 31;
 
 Midland Borough v. Steubenville etc. Traction Co.,
 
 300 Pa. 134, 150 A. 300;
 
 Thomas v. Thomas,
 
 112 Pa. Superior Ct. 578, 172 A. 36. See also,
 
 Squire v. Fridenberg,
 
 126 Pa. Superior Ct. 508, 513, 191 A. 631.
 

 
 *462
 
 Accepting the averments in the bill as true, we are not satisfied that there was no jurisdiction in equity. If any averments in the bill were deemed
 
 inadequate,
 
 they should have been specifically objected to, under Equity Rule 48, and opportunity given for amendment. See Equity Rule 49.
 

 While courts of equity may not interfere with the opening of streets lawfully laid out and ordained by boroughs, they may prevent the opening of a street for which there is no lawful warrant or authority. Unless an ordinance for its laying out and opening has been duly adopted, borough officers have no legal authority to enter on a property owner’s ground for the purpose of opening a street.
 

 The court assumed that such' an ordinance was legally adopted. The bill avers the contrary. For present purposes, we must accept the bill as giving the true statement of facts.
 

 The cases relied on by the appellee all deal with ordinances duly passed. They do not apply to a case where the passage of the ordinance is denied. Unless an ordinance authorizing the laying out and opening of a street over private property has been legally enacted, the borough officers have no right or authority to proceed to lay it out and open it, and may be enjoined from doing so.
 

 The assignments of error are sustained. The decree is reversed. The bill is reinstated and the defendant is directed to file an answer on the merits within fifteen days after the return of the record. Costs to abide the result of the suit.