Bloshinski, Appellant, *v.* Falaz.

Argued March 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph A. Mulhern,* with him *M. J. Mulhall,* for appellants.

*Fredric R. Gallagher,* with him *Louis Geo. Feldmann,* for appellee.

OPINION BY HIRT, J., April 10, 1951:

In this equity proceeding, brought by plaintiffs for the specific performance of a written agreement for the sale of land, the lower court sustained the defendant's preliminary objections and dismissed the bill. The court concluded that defendant properly had rescinded the contract since time was of its essence and plaintiffs had defaulted in the payments of purchase money stipulated therein. In our view plaintiffs' bill together with a proffered amendment, sets forth a good cause of action requiring an answer and disposition on the merits. The decree will be reversed.

This factual background is supplied in substance by the averments of plaintiffs' bill: The defendant, the sole owner of two small lots in a subdivision in Luzerne

County agreed in writing on April 14, 1945 to convey them to plaintiffs by special warranty deed for a total consideration of $900 payable $100 in hand and $20 on the 15th day of each month thereafter "until the whole of the principal is paid" with interest. The agreement adequately describes the land to be conveyed, by metes and bounds as well as by reference to a recorded plot. Plaintiffs were in possession of the lots when the agreement was executed and have since made valuable improvements on the land. In addition to the downpayment of $100, plaintiffs made seven regular monthly payments of $20, leaving $660 as the remaining unpaid purchase price. Plaintiffs made no further payments to defendant when they learned of a judgment in the sum of $844.45, originally entered of record against the defendant by the Commonwealth of Pennsylvania, Department of Public Assistance, on January 31, 1941. The lien of this judgment was revived by sci. fa. to No. 135 March Term, 1946, and the lower court erred in refusing to allow an amendment to this effect under Equity Rule 49. *Sollak v. North Belle Vernon Boro.*, 131 Pa. Superior Ct. 459, 200 A. 707.

Plaintiffs aver in their bill that "several times since October 14, 1945" they have offered to pay the whole of the above balance of the consideration named in their contract "providing the defendant Nellie Falaz . . . pay the Commonwealth of Pennsylvania, Department of Public Assistance" a sum sufficient to discharge the above judgment as a lien against the land. Thus it appears that on November 16, 1945, the date of plaintiffs' last payment, the amount of the judgment against the land to be conveyed (and defendant owned none other) exceeded the balance of purchase money to be paid by plaintiffs. Plaintiffs, subsequently, again tendered performance of their contract by offering to pay the above judgment of record in favor of the De-

partment of Public Assistance on delivery of a convey-
ance of the land to them by the defendant. Both of the
above offers were refused by the defendant.

The decree in this case if allowed to stand would aid
the defendant in perpetrating a deliberate fraud on the
plaintiffs. If we accept the averments of the bill she
intends to take advantage of the fact that plaintiffs
have made valuable improvements on the land and
would exact the total consideration of her sales agree-
ment without payment of the judgment lien against the
land. Under her contract she was obliged to deliver
title to the land free from liens and a special warranty
deed would not have relieved her from that obligation.
A covenant of special warranty merely protects a
grantor from liability arising from a title paramount to
that of the grantor without regard to liens created or
suffered by him. 7 Thompson on Real Property, §3741.

It is a rule of general application that if, as in the
present case, an encumbrance can be removed by the
application of the purchase money, thus clearing the
title to the land, the mere fact that an encumbrance
exists which the vendor has not removed, or even is
unable to remove without application of the purchase
money for that purpose, will not prevent a decree of
specific performance. In such case the court may in
its discretion, order the application of part of the pur-
chase money to the payment of the encumbrance. 49
Am. Jur., Specific Performance, §110. "It is well
settled that . . . under certain equitable circumstances
the vendee has a right to take whatever title and in-
terest the vendor can give with an allowance out of the
purchase price for the deficiency": *Roth et al. v. Hartl
et ux.*, 365 Pa. 428, 433, 75 A. 2d 583. Cf. *Gans v.
Renshaw*, 2 Pa. 34; Restatement, Contracts, §365.

According to plaintiffs' bill no deed was tendered by
defendant at any time. Since the amount of the lien

against the property exceeded the balance of the purchase money and since defendant refused to remove the judgment lien, the plaintiffs could not be called upon to make further payments as long as the lien remained. "The authorities are uniformly to the effect, that where performance is prevented by either party no advantage can be taken by the party causing the failure": *Vankirk v. Patterson*, 201 Pa. 90, 50 A. 966. The Vankirk case has been cited as a leading authority on the subject and in support of the principle that "Where a party who insists upon exact time has himself been the cause of delay, specific performance will be decreed": *Erkess v. Eisenthal et ux.*, 354 Pa. 161, 164, 47 A. 2d 154. *Unatin 7-Up Co., Inc. v. Solomon*, 350 Pa. 632, 636, 39 A. 2d 835. On the same authority also a provision in an agreement for the sale of land which makes time the essence of the contract may be waived by the conduct of the vendor. *Cohn v. Weiss et ux.*, 356 Pa. 78, 51 A. 2d 740.

The refusal of the defendant either to clear the land from the lien or allow the plaintiffs to pay the judgment out of the purchase money was the cause of the suspension of the contract payments. On the averments of plaintiffs' bill defendant was in default in this respect and therefore is not in position to refuse to perform her contract specifically.

Decree reversed at appellee's costs, with a procedendo.