Hayes *v.* Altman, Appellant.

Argued March 24, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ronald J. Bua,* with him *DeCello, Bua & Manifesto,* for appellant.

*Clyde E. Donaldson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 27, 1970:

Appellant, Dr. Theodore L. Altman, a young and relatively inexperienced optometrist, went to work as an assistant to Dr. Thomas A. Hayes, the appellee, on January 1, 1959, under a written agreement for a term of five years.   The agreement contained a restrictive covenant by the terms of which appellant agreed not to compete with appellee by engaging in the practice of optometry in the Borough of Monroeville or within a radius of six miles of Dr. Hayes' office for a period of three years from the termination of this contract.

At the expiration of the agreement on December 31, 1963, Dr. Altman continued to work for Dr. Hayes, who wanted another written agreement.   On March 13, 1964, when Dr. Altman refused to execute a new employment agreement, he was discharged by Dr. Hayes.

Within a few months thereafter, Dr. Altman opened an office for the practice of optometry in the Borough of Monroeville.

Dr. Hayes, relying on the restrictive covenant contained in the contract of employment, filed an action in equity at No. 442 July Term, 1964, in the Court of Common Pleas of Allegheny County, seeking an injunction forbidding Dr. Altman from practicing optometry in Monroeville.

The court below found that the restrictive covenant was not reasonably necessary for the protection of Dr. Hayes, the employer, and, therefore, unenforceable. Dr. Hayes filed exceptions but the court en banc sustained the chancellor's position.

However, we reversed, holding that the restrictive covenant was reasonable as to duration of time and geographical extent and was reasonably necessary for the protection of the employer. *Hayes v. Altman,* 424 Pa. 23, 225 A. 2d 670 (1967).

After our opinion was filed on January 20, 1967, Dr. Hayes was granted a rule requiring Dr. Altman to show cause why a decree of specific performance of the three-year covenant should not be issued. On January 24, 1968, the chancellor signed an order refusing the injunction and dismissing the rule granted on the defendant-appellant to show cause why an appropriate decree of specific performance should not be granted. Immediately thereafter, Dr. Hayes filed exceptions to the chancellor's order.

On or about September 1, 1968, as was later stated in a consent stipulation entered into between the parties, Dr. Hayes agreed to sell his optometry practice to Dr. John J. Rushton, who had been in the employ of Dr. Hayes since January 1, 1967.

Dr. Hayes' exceptions were finally argued before the court en banc on July 23, 1969. The court entered a

decree granting a mandatory injunction requiring specific performance of the restrictive covenant by Dr. Altman, the appellant, for a period of two years, eight and one-half months beginning from the date of July 23, 1969. After a denial of Dr. Altman's petition for a rehearing pursuant to Rule 1522, Rules of Civil Procedure, Dr. Altman appealed.

The appellant contends that the court of equity had no power to issue an injunction to compel specific performance of a restrictive, noncompetition covenant after the time for performance prescribed in that covenant had expired.

This is a case of first impression in Pennsylvania. However, because restrictive covenants are a partial restraint upon the free exercise of trade, we have frequently stated that they should be strictly construed, particularly when such contracts are ancillary to an employment agreement rather than ancillary to the sale of a business.

As we said when we first ruled on the particular covenant in question, citing *Morgan's Home Equip. Corp. v. Martucci*, 390 Pa. 618, 631-32, 136 A. 2d 838 (1957) : "To prevent an employe from utilizing such training and information in competition with his former employer, for the patronage of the public at large, restrictive covenants are entered into. They are enforced by the courts as reasonably necessary for the protection of the employer. See Arthur Murray Dance Studios, Inc. v. Witter, 62 Ohio L. Abs. 17, 105 N.E. 2d 685, 694-99, 708-711 (1952) ; 3 Pomeroy, Equity Jurisprudence §934c (5th ed. 1941). A general covenant not to compete, however, imposes a greater hardship upon an employe than upon a seller of a business. An employe is prevented from practicing his trade or skill, or from utilizing his experience in the particular type of work with which he is familiar. He may encounter diffi-

culty in transferring his particular experience and training to another line of work, and hence his ability to earn a livelihood is seriously impaired. Further, the employe will usually have few resources in reserve to fall back upon, and he may find it difficult to uproot himself and his family in order to move to a location beyond the area of potential competition with his former employer. Contrarywise, the mobility of capital permits the businessman to utilize his funds in other localities and in other industries. In view of this greater hardship imposed upon an employe, general covenants not to compete which are ancillary to employment will be subjected to a more stringent test of reasonableness than that which is applied to such restrictive covenants ancillary to the sale of the business. Restatement, Contracts, §515(b), comment b (1932); Annotations, 43 A.L.R. 2d 94, 111 (1955), 41 A.L.R. 2d 15, 30 (1955)."

With this in mind, we reach the same conclusion reached by other courts which have faced this question. An injunction will not be granted to enforce a restrictive covenant when the restrictive period has by its terms expired. *Meeker v. Stuart*, 188 F. Supp. 272 (1960), affirmed 289 F. 2d 902 (1961), *DeLong Corporation v. Lucas*, 176 F. Supp. 104 (1959), affirmed 278 F. 2d 804 (1960), *Sherman v. Pfefferkorn*, 241 Mass. 468, 135 N.E. 568 (1922), *Goldberg v. Goldberg*, 200 N.Y.S. 3, 205 App. Div. 435 (1923), and *Abalene Pest Control Service, Inc. v. Hall*, 220 A. 2d 717 (Vermont, 1966).

As support for their position, the court below and the appellee cite the following cases where courts of equity have extended the time for performance of a contract although the time set out in the agreement had expired: *Erkess v. Eisenthal*, 354 Pa. 161, 47 A. 2d 154 (1946); *Levin v. Pbgh. U. Corp.*, 330 Pa. 457, 199 Atl.

332 (1938); *Bloshinski v. Falaz,* 168 Pa. Superior Ct. 565, 79 A. 2d 798 (1951); *McFarland v. Gregory,* 322 F. 2d 737 (1963).

However, in each of those cases, if the court had not granted the extension some harm would have befallen the moving party. The period has long since passed when the restrictive covenant in the instant case could be of any protection to the appellee. Having sold his practice, appellee need not worry about competition. Moreover, any patients that were going to leave his practice for that of appellant have long since done so. Consequently, it would be inequitable to afford appellee's successor, Dr. Rushton, relief from competition long after the period for which appellee had contracted.

In the instant case appellee also contends that a refusal to enforce the injunction compelling performance of the restrictive covenant would put a premium upon dilatory tactics, would impair the obligation of contracts, and would be an arbitrary discrimination against plaintiffs who live in areas where the courts are crowded and slow moving as opposed to plaintiffs who live in areas which are relatively uncrowded so that a court's decision on a restrictive covenant can be quickly obtained.

However, the record indicates that there has been no fraud or unnecessary delay caused by the appellant which unjustly permitted the three-year time restraint to expire. Accordingly, appellee's remedy for a breach of the covenant, now that its time period has elapsed, lies in an action of assumpsit for damages or in a proceeding for an accounting, not in a decree of specific performance.

Decree reversed, each party to bear own costs.

Mr. Justice COHEN concurs in the result.