433 A.2d 88

David SOROKIN and Rose Sorokin, Appellants,

v.

Martin KRASNER and Harriet Paula Krasner.

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed July 31, 1981.

Lee A. Solomon, Philadelphia, for appellants.

Barnett Satinsky, Philadelphia, for appellees.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from an order of the trial court which affirmed a Decree Nisi, entered a Final Decree, and dismissed a complaint in equity. The Plaintiff-Appellants instituted this equity action to compel the imposition of either a constructive trust or a resulting trust on certain property which they had earlier transferred to the Defendant-Appellees, their daughter and son-in-law. The Plaintiff-Appellants, David Sorokin and Rose Sorokin (hereinafter referred to as the "Sorokins") alleged that prior to the conveyance of

the property in issue, the Defendant-Appellees, Harriet Paula Krasner and Martin Krasner (hereinafter referred to as the "Krasners"), expressly agreed to hold the property in trust for the benefit of the Sorokins. The Krasners denied any such agreement or that there was any condition attached to the transfer of the property. The lower court judge, sitting as a Chancellor in equity, held hearings and received a large volume of evidence in the matter. Subsequently, he issued a Memorandum setting forth findings of fact, discussion, and conclusions of law, and entered a Decree Nisi dismissing the Complaint.[1] After the filing of exceptions by the Sorokins, and argument thereon, the lower court judge issued a Final Decree dismissing the exceptions, and filed an opinion in support of its actions.[2]

The lower court resolved the case on the basis of findings which credited the Krasners' testimony and evidence, rather than that offered by the Sorokins. On this appeal, the Sorokins contend that the lower court erred in resolving issues of credibility, and that the conclusions of the lower

1. In addition to the issue of the property in question, the lower court was called upon to grant relief to the Appellants with respect to several money transactions between the parties. The Appellees did not oppose relief granted to Appellants with respect to moneys originally transferred to them in a trust arrangement for the benefit of several other family members. The Appellants also alleged in their Complaint that the Appellee Martin Krasner had misappropriated $7,229.18 in funds while he worked for the Appellants. The lower court granted a non-suit with reference to that claim as no evidence was offered to support a finding of such a misappropriation. We completely concur in that determination, and find the point to be unworthy of extended discussion in this Opinion. There is simply no convincing evidence in the record which could arguably support the claim.

2. No court en banc considered the exceptions in this case. Pa. R.C.P. 1519 states that such exceptions are ordinarily to be addressed to a court en banc, but an exception is provided for cases in Philadelphia County. Such proceedings are there governed by Rule VII of the Special Rules, Court of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963. That Special Rule permits the trial judges in Philadelphia County to hear exceptions and requires no court en banc, unless requested by one of the parties in writing, or unless ordered by the trial judge.

court were not adequately supported by the record, and were based upon an incorrect interpretation of the law.

The scope of review of an appellate court in the consideration of an appeal from a final decree in an equity action is well established. A Chancellor's findings of fact, approved by the court en banc, are entitled to the weight of a jury's verdict and will not be reversed on appeal if supported by adequate evidence. See *McDole v. Duquesne Brewing Co. of Pittsburgh*, 281 Pa. Super. 78, 83, 421 A.2d 1155, 1158 (1980), and cases cited therein. The Chancellor's findings are afforded particular weight in cases in which the credibility of witnesses must be evaluated, as the Chancellor has had the opportunity to hear their actual testimony and to observe their demeanor on the witness stand. See *Fascione v. Fascione*, 272 Pa. Super. 530, 416 A.2d 1023 (1979). We should not reverse on appeal unless it is evident that the lower court abused its discretion, lacked evidentiary support for its findings, or was capricious in its disbelief of evidence submitted. See *Davis v. Buckham*, 280 Pa. Super. 106, 421 A.2d 427 (1980); *Commonwealth ex rel. Powelson v. Powelson*, 277 Pa. Super. 220, 222, 419 A.2d 741, 742 (1980). The same principles apply when a single judge, rather than a court en banc, reviews the case. *Gilmore v. Northeast Dodge Co., Inc.*, 278 Pa. Super. 209, 420 A.2d 504 (1980). Therefore, we must examine the evidence of record in the instant case to determine whether any basis exists for a reversal of the lower court's findings and conclusions.

The record discloses that in the early 1970's Martin Krasner was employed by the Sorokins, at the request of their daughter, Harriet Krasner, in the Sorokin's surgical appliance business, which was located at 130 South 11th Street in Philadelphia. During this time Martin Krasner was trained by the Sorokins and he attended various trade seminars to learn the business. Martin Krasner worked as a salesman in the business and received pay from the Sorokins. In December, 1973, the Sorokins conveyed two parcels of real estate located at 130 South 11th Street and 128–30 South Street, to the Krasners. The original deeds were not

recorded, and later in the same month, the Sorokins caused new deeds to be prepared, transferring the properties to Harriet Krasner alone, while reserving life estates unto themselves.[3] These deeds were recorded. Over the next few years, the friendly family relationship between the Sorokins and the Krasners deteriorated and in 1977 Martin Krasner terminated his employment with the Sorokins. Eventually, the familial hostility led to the filing of the instant equity action.

No benefit would be served by a detailed recitation in this Opinion of all of the conflicting testimony presented by the various witnesses. It is sufficient to note that the chancellor had abundant evidence, in the testimony of the Krasners and others, to support his finding that the title to the property was passed to them with absolutely no conditions, including any suggesting an intent by the Sorokins to create a trust in the transactions. Moreover, it is evident to our Court, from the transcript of testimony offered by the various witnesses, that the testimony of the Sorokins was subject to doubt. Mr. Sorokin, in particular, was evasive, contradictory and inconsistent in his testimony. His testimony regarding the property transfer was not even supported by his own attorney, who prepared the deed and handled the whole property transaction.[4]

The record contains a substantial amount of evidence to support the lower court's conclusions, and we find no abuse of discretion or other ground for a reversal in this case. In view of the credibility findings, we deem it unnecessary to discuss various contentions raised by the Appellant concerning the particular type of trust arrangement which should have been found to exist by the lower court. The lower court's conclusion that the Defendants offered the more

3. Evidence was presented in the lower court that the life estate in the properties was reserved by the Plaintiffs in order to assure the continued operation of the family business at its 11th Street location.

4. In his Complaint, Mr. Sorokin alleged that the Defendants had the deed prepared. However, on the witness stand, after much evasion, he finally admitted his own attorneys prepared the document.

credible testimony precludes a finding that any trust was intended or created in connection with the property transfer.

The order of the lower court is hereby affirmed.