434 A.2d 169

**HARRY BLACKWOOD, INC., Appellant,**

**v.**

**Richard CAPUTO, t/a/d/b/a Caputo's.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed Aug. 21, 1981.

John J. Petrush, Beaver Falls, for appellant.

John A. Caputo, Pittsburgh, for appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

DiSALLE, Judge:

Appellant, Harry Blackwood, Inc., is an insurance agency and the former employer of appellee, Richard Caputo, who is presently doing business as an independent insurance agent. Appellant brought this action in equity in the court below seeking enforcement of its employment contract with appellee, specifically the covenant not to compete. Appellant filed this appeal from the Order of the court below dismissing its exceptions to the adjudication, and affirming the decree nisi entered by the chancellor. The appeal raises three issues, all of which we find to be without merit.

First, appellant alleges error in the lower court's interpretation of the covenant not to compete. The covenant reads as follows:

Caputo agrees that, in case his employment is terminated for any cause, whether voluntary or otherwise, he will not, thereafter, for a period of five (5) years after leaving the employment, for himself or in behalf of any other person, partnership or corporation, *directly or indirectly, solicit, divert or take away or attempt to solicit, divert or take away, any of the clients, business or patronage of such clients as were or had been served by the Agent as of the date of termination of his employment hereunder.* (emphasis added)

■ Appellant contends that the covenant precludes appellee from any writing of insurance for any of appellant's former customers. The lower court interpreted the covenant as prohibiting appellant

from taking any affirmative action either directly or indirectly toward the securing of business from any person or firm who was a customer of the plaintiff at the time the defendant left the plaintiff's employment...the covenant [does not] prohibit...the defendant from selling insurance to customer's of the plaintiff as long as he does not solicit or otherwise attempt to interfere with the relationship between his former employer and the customer.

It has been said that

appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion...The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. (citations omitted)

*Sack v. Feinman*, 489 Pa. 152, 165, 413 A.2d 1059, 1066 (1980). We find no error in the lower court's interpretation of the covenant. In *Hayes v. Altman*, 438 Pa. 451, 454, 266 A.2d 269, 271 (1970), our Supreme Court said that "because restrictive covenants are a partial restraint upon the free exercise of trade, ... they should be strictly construed, particularly when such contracts are ancillary to an employment agreement rather than ancillary to the sale of a

business." Here, appellant would have us interpret the phrase "divert or take away" as synonymous with "writing" or "selling", and argues that the appellee was hired "not just to solicit new insurance accounts, but also to sell new insurance accounts. . . ." The obvious answer to this contention is quite simply that the covenant in question does not proscribe the selling or writing of insurance; it prohibits only the soliciting, diverting or taking away of such business. Under the circumstances, we cannot say that the court below erred in its construction of the covenant.

 Secondly, appellant contends that the lower court abused its discretion and erred in reducing the duration of the covenant from five years to a period of three years. In *Sidco Paper Company v. Aaron*, 465 Pa. 586, 591, 351 A.2d 250, 252 (1976), our Supreme Court stated that

[o]ur courts will permit the equitable enforcement of post-employment restraints only where they are incident to an employment relation between the parties to the covenant, the restrictions are reasonably necessary for the protection of the employer, and the restrictions are reasonably limited in *duration* and geographic extent. (emphasis added) (citations omitted).

And in *Boldt Machinery & Tools, Inc. v. Wallace*, 469 Pa. 504, 513, 366 A.2d 902, 907 (1976), the Court, quoting from Blake, Employee Covenants Not to Compete, 73 Harv.L.Rev. 625, note 1 at 677–78, stated that

[w]hen the restraint is for the purpose of protecting customer relationships, [as it is here,] its duration is reasonable only if it is no longer than necessary for the employer to put a new man on the job and for the new employee to have a reasonable opportunity to demonstrate his effectiveness to the customers.

In the present case, appellant's owner testified at trial that the majority of appellant's insurance policies are written for only one year, and that it takes only two or three years to solidify the client's confidence in a new employee. In light of this testimony, we cannot say that the lower court's limitation was unreasonable, *Sidco Paper, supra*, an

abuse of discretion, or unsupported by the evidence. *Sack, supra.*

Finally, appellant argues that the lower court erred in not ordering appellee to account for the profits he earned from business obtained in violation of the covenant. Appellant stated at trial, however, that it was no longer seeking monetary damages. This would negate any need for an accounting.

Decree of the lower court is affirmed.